Paul R. Steadman (*Pro Hac Vice*)
paul.steadman@us.dlapiper.com
Matthew D. Satchwell (*Pro Hac Vice*)
matthew.satchwell@us.dlapiper.com
**DLA PIPER LLP (US)**
444 West Lake Street, Suite 900
Chicago, Illinois 60606-0089
T: (312) 368-2135 | F: (312) 251-2850
T: (312) 368-2111 | F: (312) 236-7519

Martin M. Ellison (SBN 292060)
martin.ellison@us.dlapiper.com
**DLA PIPER LLP (US)**
2000 Avenue of the Stars, Suite 400, N. Tower
Los Angeles, CA 90067-4735
T: (310) 595-3000 | F: (310) 595-3300

Attorneys for Defendants
Alpinestars USA Inc. and Alpinestars S.p.A.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DAINESE S.p.A.,<br><br>Plaintiff,<br><br>v.<br><br>ALPINESTARS USA Inc. and ALPINESTARS S.p.A.,<br><br>Defendants. | Case No. 2:24-cv-07066-PA-KS<br>Hon. Percy Anderson<br><br>**DEFENDANTS ALPINESTARS USA INC. AND ALPINESTARS S.P.A.'S ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT**<br><br>Jury Trial Demanded |

DEFENDANT'S ANSWER TO COMPLAINT
CASE NO. 2:24-CV-07066-PA-KS

Defendants Alpinestars USA Inc. and Alpinestars S.p.A. (collectively, "Defendants" or "Alpinestars") respectfully submit this Answer to the Complaint filed by Dainese S.p.A. ("Dainese" or "Plaintiff"). Except as expressly admitted below, Defendants deny every allegation in the Complaint. Defendants respond to the numbered paragraphs of the Complaint and the request for relief as follows:

### NATURE OF THE ACTION[1]

**Complaint ¶ 1:** This is a civil action for patent infringement under the patent laws of the United States of America, 35 U.S.C. § 1 et seq.

**Answer:** Defendants admit that Plaintiff purports to bring an action for patent infringement. Defendants deny that any factual or legal basis exists for any of Plaintiff's claims or requests for relief in this action.

**Complaint ¶ 2:** Dainese is the owner of all rights, title, and interest in U.S. Patent No. 12,012,065 (the "'065 Patent"), attached as **Exhibit A** and incorporated by reference in its entirety.

**Answer:** Defendants lack sufficient information to form a belief as to the truth of the allegations set forth in this paragraph, and on that basis deny them.

**Complaint ¶ 3:** Defendants have infringed and continue to infringe one or more claims of the Asserted Patent by making, using, importing, offering to sell, and/or selling within the United States, including in this District, certain protective devices. Dainese seeks to recover monetary damages, attorneys' fees, and costs.

**Answer:** Denied.

### THE PARTIES

**Complaint ¶ 4:** Dainese S.p.A. is a business organized as a private limited company under the laws of Italy, with a principal place of business at Louvigny, 35

---

[1] For ease of reference, Defendants adopt the headings from the Complaint. To the extent those headings contain any allegations (e.g., "Alpinestars Infringing Products"), Defendants deny any such allegations.

Street, Colceresa (Vicenza), Italy.

**Answer:** Defendants lack sufficient information to form a belief as to the truth of the allegations set forth in this paragraph, and on that basis deny them.

**Complaint ¶ 5:** On information and belief, Defendant Alpinestars USA is a corporation organized under the laws of the State of California, with a principal place of business at 2780 W. 237th Street, Torrance, California 90505.

**Answer:** Admitted.

**Complaint ¶ 6:** On information and belief, Defendant Alpinestars Italy is an Italian company with a registered office at Via Enrico Fermi, 5, 31011 Asolo TV, Italy.

**Answer:** Admitted.

## JURISDICTION AND VENUE

**Complaint ¶ 7:** This action arises under the patent laws of the United States, Title 35 of the United States Code. Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**Answer:** The allegations in this paragraph call for a legal conclusion and therefore no answer is required. To the extent a response is required, Defendants deny the allegations contained in this paragraph.

**Complaint ¶ 8:** The Court has personal jurisdiction over Defendants for at least the following reasons: (1) Defendants have committed at least a portion of the infringing acts alleged herein in this District and elsewhere in California; (2) Defendants regularly do business or solicit business in this District and elsewhere in California; (3) Defendants engage in other persistent courses of conduct and derive substantial revenue from products and/or services provided to individuals in this District and elsewhere in California; and (4) the Defendants have purposefully established substantial, systematic, and continuous contacts with this District, including the physical location of Alpinestars USA at 2780 W. 237th Street, Torrance, California 90505, and should reasonably expect to be subject to suit in this District.

2

**Answer:** Defendants admit that they have conducted business in this District and in the State of California. Defendants admit that Alpinestars USA Inc. maintains a place of business at 2780 W. 237th Street, Torrance, California 90505. The remaining allegations in this paragraph call for a legal conclusion and therefore no answer is required. To the extent a response is required, Defendants deny the remaining allegations contained in this paragraph.

**Complaint ¶ 9:** Venue is proper in this District as to Defendants under the provisions of 28 U.S.C. §§ 1391 and 1400(b) at least because Defendants have committed acts of infringement in this District and at least Alpinestars USA has a regular and established place of business in this District at 2780 W. 237th Street, Torrance, California 90505.

**Answer:** Defendants admit that Alpinestars USA Inc. maintains a place of business at 2780 W. 237th Street, Torrance, California 90505. The remaining allegations in this paragraph call for a legal conclusion and therefore no answer is required. To the extent a response is required, Defendants deny the remaining allegations contained in this paragraph.

**Complaint ¶ 10:** On information and belief, Defendant Alpinestars USA has employees within this District. On information and belief, third-party witnesses with knowledge regarding the accused functionality reside within this District.

**Answer:** Defendants admit that Alpinestars USA Inc. has employees within this District. Defendants lack sufficient information to form a belief as to the truth of the remaining allegations set forth in this paragraph, and on that basis deny them.

**Complaint ¶ 11:** Defendants develop, manufacture, import, distribute, offer to sell, and sell protective airbag system products that infringe the '065 Patent, which are, and have been imported, offered for sale, sold (directly or through Defendants' distribution network), and used in California and within this District. Defendants also place infringing products within the stream of commerce, with the knowledge and/or understanding that such infringing products will be sold and/or

3

used in California and in this District.

**Answer:** Denied.

## BACKGROUND

**Complaint ¶ 12:** Dainese, the patent owner and Plaintiff, is an award-winning leader in the manufacture of protective clothing that has been recognized throughout the world for over 50 years. Dainese currently employs approximately 1,400 persons throughout the world.

**Answer:** Defendants lack sufficient information to form a belief as to the truth of the allegations set forth in this paragraph, and on that basis deny them.

**Complaint ¶ 13:** Over the decades, Dainese focuses its protective clothing designs in a variety of sports and activities, including motorcycling, biking, horseback riding, sailing, skiing, and even space travel. Dainese's products are some of the most advanced protective products both on the world and off it. They are commonly found and used by professional racers, Olympic athletes, and even astronauts.

**Answer:** Defendants lack sufficient information to form a belief as to the truth of the allegations set forth in this paragraph, and on that basis deny them.

**Complaint ¶ 14:** In particular, Dainese has made significant investments in the development of its D-Air® technology that uses airbag technology within its clothing that can inflate when it senses an accident and protect the wearer from impacts with the ground, pavement, and other objects.

**Answer:** Defendants lack sufficient information to form a belief as to the truth of the allegations set forth in this paragraph, and on that basis deny them.

**Complaint ¶ 15:** Dainese sells its products in the United States through multiple channels, including Dainese USA Inc. that operates www.dainese.com in the United States where products can be purchased, along with physical stores in Atlanta, Chicago, Dallas, Las Vegas, Los Angeles, Miami, New York, Orange County, Orlando, Phoenix, San Diego, San Francisco, and Seattle.

4

**Answer:** Defendants lack sufficient information to form a belief as to the truth of the allegations set forth in this paragraph, and on that basis deny them.

**Complaint ¶ 16:** As a business, Dainese is committed to protecting its investments and development efforts through intellectual property. This includes its commitment to exclude competitors from the market for its patented inventions related to protective airbag systems, such as products that use the invention claimed in the '065 Patent.

**Answer:** Defendants lack sufficient information to form a belief as to the truth of the allegations set forth in this paragraph, and on that basis deny them.

### U.S. PATENT NO. 12,012,065

**Complaint ¶ 17:** The '065 Patent derives from International Patent Application No. PCT/IB2020/061689 that was filed on December 9, 2020. On June 18, 2024, the United States Patent and Trademark Office duly and legally issued the '065 Patent, titled, "Protective Device and Method for Making Said Protective Device," after a full and fair examination.

**Answer:** Defendants admit that a document purporting to be a copy of the '065 Patent is attached to the Complaint as Exhibit A. Defendants admit that this document is titled "Protective Device and Method for Making Said Protective Device." Defendants admit that this document purports to derive from International Patent Application No. PCT/IB2020/061689 that was filed on December 9, 2020. Defendants lack sufficient information to form a belief as to the truth of the remaining allegations in this paragraph and on that basis deny them.

**Complaint ¶ 18:** Exhibit A is a true and correct copy of the '065 Patent.

**Answer:** Defendants admit that a document purporting to be a true and correct copy of the '065 Patent is attached to the Complaint as Exhibit A. Defendants lack sufficient information to form a belief as to the truth of the remaining allegations in this paragraph and on that basis deny them.

**Complaint ¶ 19:** Plaintiff is the owner of the '065 Patent, having received all

5

right, title and interest in the '065 patent by assignment from D-AIR LAB S.R.L. to Dainese on June 14, 2024.

**Answer:** Defendants lack sufficient information to form a belief as to the truth of the allegations set forth in this paragraph, and on that basis deny them.

**Complaint ¶ 20:** Plaintiff possesses all right of recovery under the '065 patent, including the exclusive right to recover for past infringement.

**Answer:** Defendants lack sufficient information to form a belief as to the truth of the allegations set forth in this paragraph, and on that basis deny them.

**Complaint ¶ 21:** The '065 Patent claims are directed to a patent-eligible; non-abstract invention.

**Answer:** The allegations in this paragraph call for a legal conclusion and therefore no answer is required. To the extent a response is required, Defendants deny the allegations contained in this paragraph.

**Complaint ¶ 22:** The '065 Patent generally describes a protective device used to protect users. It is preferably worn by persons and includes an inflatable element, which in its inflated condition is configured to protect users, such as a vehicle passenger, motorcycle rider, or similar users that may be subject to impacts or falls during a sporting, working, or other activity. An embodiment of the inflatable element is indicated by number 110 in Figure 1 of the '065 patent (reproduced below).

6



FIG.1

**Answer:** Defendants admit that this paragraph includes an apparent reproduction of Figure 1 from Exhibit A. Defendants lack sufficient information to form a belief as to the truth of the remaining allegations set forth in this paragraph, and on that basis deny them.

**Complaint ¶ 23:** The '065 Patent acknowledges that prior protective devices utilize inflatable elements that are inflated in an active condition and deflated at rest. The inflatable element includes a mesh body, which is a closed, or at least tubular, structure defining an inner region, or area, or chamber. The mesh body is covered by waterproofing walls which are arranged externally with respect to the mesh body and allow to contain an inflation fluid for a certain time period. The walls are, for example, a first sheet, or first wall, and a second sheet, or second wall, fixed to each other along their respective perimetric edges. As a consequence, said first and second sheet cover and line the mesh body on an external side or surface.

**Answer:** Defendants lack sufficient information to form a belief as to the truth of the allegations set forth in this paragraph, and on that basis deny them.

**Complaint ¶ 24:** Such prior design of inflatable elements has the disadvantage in a deflated condition of creating a sort of bag around the user's body that does not allow adequate passage of ventilation air.

7

**Answer:** Defendants lack sufficient information to form a belief as to the truth of the allegations set forth in this paragraph, and on that basis deny them.

**Complaint ¶ 25:** The invention disclosed and claimed in the '065 Patent overcomes the disadvantages to allow greater ventilation. As claimed, the '065 Patented invention comprises a mesh structure 111 with a first mesh portion 118, a second mesh portion 119, and a plurality of tie elements 5. The first and second mesh portions are arranged opposite of each other and are connected to one another by the tie elements to define one or more inner housings of the mesh structure.

**Answer:** Defendants lack sufficient information to form a belief as to the truth of the allegations set forth in this paragraph, and on that basis deny them.

**Complaint ¶ 26:** The patented design further provides an inflatable casing body 40 that is arranged in the inner housing. When deflated, the casing body occupies a first space or first region and a second region or second space of an inner housing lacks the casing body. When inflated, the casing body occupies the second region or second space. In other words, the mesh structure contains the inflation of the casing body.

**Answer:** Defendants lack sufficient information to form a belief as to the truth of the allegations set forth in this paragraph, and on that basis deny them.

**Complaint ¶ 27:** Furthermore, the casing body comprises a plurality of portions that are arranged in corresponding inner housings where the plurality of inner housings define channels that are arranged side-by-side and are separated by tie elements. Each of the plurality of inner housings is configured to house a corresponding portion of the inflatable casing body. Once inflated portions of the casing body are inflated against the first mesh portion, the second mesh portion, and the tie elements in order to form a planar structure. Multiple embodiments of the invention are described and shown in the specification and figures of the '065 Patent.

**Answer:** Defendants lack sufficient information to form a belief as to the truth of the allegations set forth in this paragraph, and on that basis deny them.

**Complaint ¶ 28:** Claims 1 and 18 of the '065 Patent are independent claims. Claim 1 recites the following limitations:

1. A protective device for the protection of a user, said protective device comprising a mesh structure comprising a first mesh portion and a second mesh portion and a plurality of tie elements, wherein said first mesh portion and said second mesh portion are opposite one another and are connected one another by said plurality of tie elements; wherein said tie elements comprise dividing walls defining a plurality of inner housings between said first mesh portion and said second mesh portion;

wherein said protective device includes a casing body arranged at least in an inner housing of said plurality of inner housings,

wherein said casing body is configured to assume a deflated condition and an inflated condition in said at least one inner housing of said mesh structure, and wherein in said deflated condition, said casing body occupies a first space or first region, and wherein in the deflated condition a second region or second space of said at least one inner housing lacks a casing body, and wherein in the inflated condition said casing body occupies the second region or second space,

wherein said casing body comprises a plurality of portions each arranged in a corresponding inner housing of said plurality of inner housings, and wherein said plurality of inner housings define channels arranged side-by-side one another and separated from each other by a tie element of said plurality of tie elements, each of said plurality of inner housings configured to house a corresponding portion of said casing body, and

wherein in the inflated condition, said portions of said casing body are inflated against said first mesh portion, said second mesh portion, and said tie elements so as to form a planar structure.

**Answer:** Defendants admit that claims 1 and 18 from Exhibit A purport to be

9

independent claims. Defendants admit that this paragraph apparently reproduces the language of claim 1 from Exhibit A. Defendants lack sufficient information to form a belief as to the truth of the remaining allegations set forth in this paragraph, and on that basis deny them.

## ALPINESTARS INFRINGING PRODUCTS

**Complaint ¶ 29:** Alpinestars makes, uses, sells, offers for sale, and imports into the United States protective devices, such as the Tech-Air 3 and Tech-Air 10 systems and other similar designs, that utilize an inflatable airbag designed to inflate upon detection of an accident and protect a user from impacts (the "Accused Products").

**Answer:** Defendants admit to offering for sale certain protective devices, including the Tech-Air 3 and Tech-Air 10 systems, that utilize an inflatable protective airbag designed to inflate upon detection of a crash and protect a user from impact. Defendants deny the remaining allegations contained in this paragraph.

**Complaint ¶ 30:** Alpinestars owns, manages, and operates a website at www.alpinestars.com that it uses to offer to sell and sell its protective devices into the United States. Upon information and belief, Alpinestars also sells its protective devices to customers in the United States through third-party distributors.

**Answer:** Defendants admit that www.alpinestars.com is the URL to the home page of Defendants' website. Defendants admit that certain protective devices may be purchased from Defendants' website. Defendants admit that Defendants' website is accessible to potential customers within the United States. Defendants admit that the Tech-Air 3 and Tech-Air 10 systems are sold to customers in the United States through third-party distributors. Defendants lack sufficient information to form a belief as to the truth of the remaining allegations set forth in this paragraph, and on that basis deny them.

**Complaint ¶ 31:** Upon information and belief, Alpinestars has monitored the publication and issuance of patents in its industry and has had knowledge of the '065

10

Patent and/or its foreign equivalent patents and applications prior to and/or soon after its issuance of the '065 Patent. Finally, Alpinestars would be aware of the '065 Patent at least by service of this complaint and suit.

**Answer:** The allegations in this paragraph call for a legal conclusion and therefore no answer is required. To the extent a response is required, Defendants deny the allegations contained in this paragraph.

**Complaint ¶ 32:** The Tech-Air 3 system and its various models (*e.g.,* Man, Leather, Canvas, and Stella) are a sleeveless jacket designed for motorcycle riders.



Tech-Air 3 (alpinestars.com)

The Tech-Air 3 is manufactured with mesh housing structure that contains an inflatable member.



Image of Tech-Air 3 inflatable member/casing body (white) and the mesh housing/structure (black) partially separated from covering layer.

11

**Answer:** Denied.

**Complaint ¶ 33:** The inflatable member of the Tech-Air 3 comprises two substantially hand-shaped parts that are placed on the front and rear sides of the jacket respectively. Each hand-shaped part of the inflatable member acts as a casing body that includes a plurality of finger-like portions connected at their upper ends in a joining portion. The mesh housing structure surrounds the inflatable member and defines a plurality



12

of mesh inner housing channels that are side-by-side and separated by a plurality of dividing walls that act as tie elements connected to the front and rear sides of the mesh housing. The dividing walls are placed under tension when the inflatable member inflates. Each inner channel receives a respective finger-like portion of the inflatable member.

**Answer:** Denied.

**Complaint ¶ 34:** In the deflated condition, each finger-like portion is folded upon itself and inserted into the respective channel of the mesh housing such that the inflatable member portions occupy a first region of the mesh housing and there is a free second region that is not occupied by the inflatable member. As a result, the second free space allows for ventilation.

13



First region of the housing occupied by the finger portion of casing body in deflated condition

Inflatable Member

First region of the housing occupied by the finger portion of casing body in deflated condition

Second region of the housing not occupied by the finger portion of the casing body in deflated condition

Second region of the housing not occupied by the finger portion of the casing body in deflated condition

Deflated Condition

**Answer:** Denied.

**Complaint ¶ 35:** When inflated, the finger-like portions of the inflatable member expand until they occupy the second region and space within each respective channel of the mesh housing. The inflatable member inflates until it reaches the maximum tension of the dividing walls and expand laterally. As a result, the finger-like portions of the inflatable member occupy the second region and space inside the respective channel of the mesh housing that was not occupied in the deflated condition.

14

Second region of the housing completely occupied by the finger portion of the casing body in inflated condition

Second region of the housing completely occupied by the finger portion of the casing body in inflated condition

Inflated Condition

**Answer:** Denied.

**Complaint ¶ 36:** When inflated, the inflatable member portions are inflated against the front and rear sides of the mesh housing and the dividing walls. In this configuration, the inflated system forms a planar structure.

15



Planar structure of inflatable member/casing body and mesh structure

**Answer:** Denied.

**Complaint ¶ 37:** The Tech-Air 10 system is a full motorcycle undersuit airbag protection system that is designed to be worn under a typical motorcycle leather suit. Like the Tech-Air 3 system, the Tech-Air 10 includes an inflatable member or airbag that inflates upon detection of an accident and protects a wearer's chest and back from impacts.

Tech-Air 10 (alpinestars.com)

**Answer:** Denied.

**Complaint ¶ 38:** The Tech-Air 10 uses the same style of inflatable member and mesh housing design as the Tech-Air 3 system. The inflatable member and

16

mesh housing system are contained in a pocket on the front and rear side of the undersuit under the covering layer of the suit.



**Answer:** Denied.

**Complaint ¶ 39:** The Tech-Air 10 is designed and functions in a similar manner as described previously with regard to the Tech-Air 3. The inflatable member/casing body consists of finger-like portions that are received into side-by-side channels created in the mesh housing tie elements connected to the front and rear of the mesh housing creating dividing walls. In the deflated state, the Tech-Air 10 inflatable member occupies a first region and space and does not occupy a second region and space of the inner housing channels, thus creating space available for ventilation.

17



**Answer:** Denied.

**Complaint ¶ 40:** When the inflatable member of the Tech-Air 10 is inflated, the finger-like portions of the inflatable member expand until they occupy the second region and space within each respective channel of the mesh housing. The inflatable member inflates until it reaches the maximum tension of the dividing walls and expands laterally. As a result, the finger-like portions of the inflatable member occupy the second region and space inside the respective channel of the mesh housing that was not occupied in the deflated condition.

**Answer:** Denied.

**Complaint ¶ 41:** When inflated, the Tech-Air 10 inflatable member portions are inflated against the front and rear sides of the mesh housing and the dividing walls. In this configuration, the inflated system forms a planar structure.

**Answer:** Denied.

**COUNT 1: INFRINGEMENT OF U.S. PATENT NO. 12, 012,065**

**Complaint ¶ 42:** Dainese realleges and incorporates herein by reference the allegations set forth in Paragraphs 1-41 of this Complaint.

18

**Answer:** Defendants incorporate by reference Defendants' answers to the allegations in Paragraphs 1-41 of the Complaint.

**Complaint ¶ 43:** Defendants directly and literally infringe one or more claims of the '065 Patent, by, without authority, making, using, importing, selling, or offering to sell the Accused Products within the United States in violation of 35 U.S.C. § 271(a).

**Answer:** Denied.

**Complaint ¶ 44:** To the extent, the Accused Products are found to not literally infringe each limitation of one of more claims of the '065 Patent, any such differences are insubstantial, and the Accused Products would directly infringe under the doctrine of equivalents.

**Answer:** Denied.

**Complaint ¶ 45:** Dainese has been and continues to be injured by Defendants' infringement of the '065 Patent. Dainese is entitled to recover damages adequate to compensate it for Defendants' infringing activities in an amount to be determined at trial but in no event less than a reasonable royalty.

**Answer:** Denied.

**Complaint ¶ 46:** As alleged herein, Defendants' have had knowledge of or should have known of the '065 Patent and its infringement prior to filing of this Complaint. Accordingly, Defendants' continued infringement has been intentional and willful.

**Answer:** Denied.

### DEMAND FOR JURY TRIAL

**Complaint ¶ 47:** Dainese S.p.A. demands a trial by jury on all claims and issues.

**Answer:** This paragraph does not contain any facts for Defendants to admit or deny. Defendants demand trial by jury on all claims, defenses, and issues.

19

## REQUEST FOR RELIEF

Plaintiff's Request for Relief does not contain any facts that Defendants must admit or deny. To the extent an answer is required for any of Plaintiff's requests, Defendants deny the statements contained therein.

\* \* \* \* \* \*

## AFFIRMATIVE DEFENSES

Defendants reserve the right to amend their Answer, including by asserting any additional defenses as they become known during the course of this action. Without altering any applicable burden of proof, Defendants assert the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

2. One or more of the claims of the '065 Patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101 *et seq.*, including 35 U.S.C. §§ 101, 102, 103 and/or 112. Defendants incorporate by reference the contents of Defendants forthcoming invalidity contentions.

### THIRD AFFIRMATIVE DEFENSE
### (Noninfringement)

3. Defendants have not infringed, and currently do not infringe, any valid claim of the '065 Patent directly, indirectly, contributorily, by inducement, under the doctrine of equivalents, or in any other manner. The accused products identified by Plaintiff in the Complaint, and any other of Defendants' products alleged to infringe,

20

do not infringe any claim of the '065 Patent, and Defendants have not performed any act and are not proposing to perform any act in violation of any rights validly belonging to Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE
### (Exhaustion and License)

4.     Plaintiff's claims, in whole or in part, are barred by the doctrine of patent exhaustion, express license, and/or implied license.

## FIFTH AFFIRMATIVE DEFENSE
### (Estoppel)

5.     Plaintiff is estopped from pursuing infringement allegations in this litigation, including prosecution history estoppel from construing the claims of the '065 Patent in such a way as may cover any of Defendants' products, in whole or in part, based on statements, representations, and admissions made during the prosecution of the '065 Patent.

6.     Plaintiff is estopped from pursuing infringement allegations in this litigation under the equitable doctrines of estoppel and/or laches.

## SIXTH AFFIRMATIVE DEFENSE
### (Limitation on Damages and Costs)

7.     Plaintiff's claim for damages is limited under at least 35 U.S.C. §§ 286, 287, and/or 288.

8.     Plaintiff is precluded from seeking pre-suit damages due to noncompliance with the marking and actual notice requirements under 35 U.S.C. § 287(a).

9.     Plaintiff is barred from recovering costs in connection with this action under 35 U.S.C. § 288.

## SEVENTH AFFIRMATIVE DEFENSE
### (No Irreparable Harm)

10.     Plaintiff is not entitled to any form of injunctive relief because Plaintiff

has not suffered and will not suffer irreparable harm due to Defendants' alleged infringement, Plaintiff has adequate remedy at law, the balance of hardships between Plaintiff and Defendants does not support injunctive relief, and the public interest does not support injunctive relief.

## EIGHTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

11.    By reason of statements, representations, concessions, admissions, arguments, and/or amendments, whether explicit or implicit, made by or on behalf of the applicants during the prosecution of the patent applications that led to the issuance of the '065 Patent, Plaintiff's claims of patent infringement are barred in whole or in part by the doctrine of prosecution history estoppel. To the extent Plaintiff's alleged claim for infringement of the '065 Patent is based on the doctrine of equivalents, Plaintiff is barred under the doctrine of prosecution history estoppel and/or other limits to the doctrine of equivalents, and Plaintiff is estoped from claiming that the '065 Patent covers any accused method, system, and/or product.

## NINTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

12.    Plaintiff has not proven that it has all substantial rights in the '065 Patent, and until Plaintiff proves such, Plaintiff's claims against Defendants are barred because Plaintiff has not proven that it has standing to assert the '065 Patent.

## TENTH AFFIRMATIVE DEFENSE
### (Actions of Others)

13.    Plaintiff's claims are barred, in whole or in part, because Defendants are not liable for the acts of others over whom it has no control.

## ELEVENTH AFFIRMATIVE DEFENSE
### (No Causation)

14.    Plaintiff's claims are barred, in whole or in part, because Plaintiff's damages, if any, were not caused by Defendants.

22

DEFENDANT'S ANSWER TO COMPLAINT
CASE NO. 2:24-CV-07066-PA-KS

## TWELFTH AFFIRMATIVE DEFENSE|
### (No Exceptional Case)

15.    Plaintiff cannot prove that this is an exceptional case justifying an award of attorneys' fees against Defendants pursuant to 35 U.S.C. § 285.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (No Willful Infringement)

16.    Plaintiff is not entitled to enhanced damages under 35 U.S.C. § 284 because Plaintiff has failed to meet, and cannot meet as a matter of law, the requirements for proving willful infringement or entitlement to enhanced damages.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Failure to Mark)

17.    Plaintiff is limited in its right to seek damages due to a failure to mark products covered by the '065 Patent including but not limited to products covered by the '065 Patent made, used, offered for sale, or sold by Plaintiff, and prior and current assignees and licensees of the '065 Patent.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Territoriality)

18.    To the extent Plaintiff's claims are directed to acts occurring outside the United States, those claims for relief are barred or limited by the doctrine of territoriality by 35 U.S.C. § 271 et seq., including but not limited to § 271(a) and (c).

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Ensnarement)

19.    On information and belief, Plaintiff's claims are barred by the doctrine of ensnarement. Plaintiff is foreclosed from asserting infringement under the doctrine of equivalents to the extent that the scope of such equivalent would ensnare prior art.

## RESERVATION OF AFFIRMATIVE DEFENSES

20.    Defendants hereby reserve the right to supplement these affirmative

23

defenses as discovery proceeds in this case.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment as follows:

A.    Plaintiff takes nothing by way of its Complaint;

B.    A judgment in favor of Defendants and against Plaintiff, thereby dismissing Plaintiff's Complaint in its entirety, with prejudice, and denying Plaintiff all requested relief;

C.    A declaration that Defendants have not infringed, either directly or indirectly, any valid claims of the '065 Patent;

D.    A declaration that the claims of the '065 Patent are invalid;

E.    An award to Defendants of their attorneys' fees and expenses of litigation;

F.    An entry of judgment against Plaintiff for the amount of damages that Defendants prove at trial; and

G.    Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Defendants respectfully demand a jury trial of all issues triable to a jury in this action.

Dated:  February 6, 2025            By: */s/ Martin M. Ellison*

Martin M. Ellison (SBN 292060)
martin.ellison@dlapiper.com
**DLA PIPER LLP (US)**
2000 Avenue of the Stars, Suite 400, N. Tower
Los Angeles, CA 90067-4735
T: (310) 595-3000 | F: (310) 595-3300

Paul R. Steadman (*Pro Hac Vice*)

24

paul.steadman@dlapiper.com
T: (312) 368-2135 | F: (312) 251-2850
Matthew D. Satchwell (*Pro Hac Vice*)
matthew.satchwell@us.dlapiper.com
T: (312) 368-2111 | F: (312) 236-7519
**DLA PIPER LLP (US)**
444 West Lake Street, Suite 900
Chicago, Illinois 60606-0089

*Attorneys for Defendants Alpinestars*
*USA Inc. and Alpinestars S.p.A.*

25