## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 24-7066 PA (KSx) | | Date | March 12, 2025 |
|---|---|---|---|---|
| Title | Dainese S.p.A. v. Alpinestars USA, Inc., et al. | | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**         IN CHAMBERS

The Court has received the parties' joint 26(f) report and finds that a scheduling conference is not necessary. Dates set by the Court in this action are listed in the "Schedule of Trial and Pretrial Dates" attached to this order. The dates set by the Court are firm dates. Absent extraordinary circumstances, which must satisfy the requirements of Federal Rule of Civil Procedure 16(b) and be brought to the Court's attention in a timely manner, the Court will not modify these dates. The scheduling conference currently on calendar for March 24, 2025, at 10:30 a.m. is hereby vacated, and the matter taken off calendar.

The Court has entered a Protective Order in this action. A copy of the Protective Order will be served on the parties. The Protective Order may be modified or supplemented by the parties. However, given the trial and pretrial dates set by the Court, disputes concerning the Protective Order should not delay the parties' prosecution of this action.

Pursuant to the agreement of the parties, this matter has been referred to private mediation. The parties have fourteen (14) days to select a mediator who has no conflicts and is otherwise available to act as the settlement officer in this matter. If the parties are unable to agree on a mediator, each side shall submit to the Court the name of a mediator who agrees to act as the settlement officer. The Court will then randomly select the settlement officer.

Plaintiff shall serve on all parties and file with the Court a Disclosure of Asserted Claims and Infringement Contentions ("Infringement Contentions") on or before April 21, 2025. The Infringement Contentions shall contain the following information:

1.    Each claim of each patent in suit that is allegedly infringed by each defendant, including for each claim the applicable statutory subsection of 35 U.S.C. § 271 asserted;

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-7066 PA (KSx) | | Date | March 12, 2025 |
|---|---|---|---|---|
| Title | Dainese S.p.A. v. Alpinestars USA, Inc., et al. | | | |

2.     Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of the defendant(s) of which plaintiff is aware.  This identification shall be as specific as possible.  Each product, device, and apparatus must be identified by name or model number, if known.  Each method or process must be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;

3.     A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that plaintiff contends is governed by 35 U.S.C. § 112(f),[1] the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality performing the claimed function;

4.     For each claim which is alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement. Insofar as alleged direct infringement is based on joint acts of multiple parties, the role of each such party in the direct infringement must be described;

5.     Whether each limitation of each asserted claim is alleged to be literally present or present under the doctrine of equivalents in the Accused Instrumentality;

6.     For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled;

7.     If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own or its licensee's apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party shall identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim;

8.     Identify the timing of the point of first infringement, the start of claimed damages, and the end of claimed damages; and

---

[1]     With respect to patent applications filed prior to the effective date of the America Invents Act ("AIA"), all citations in this Order to subsections of 35 U.S.C. § 112 refer to the corresponding paragraph numbers set forth in pre-AIA 35 U.S.C. § 112.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-7066 PA (KSx) | | Date | March 12, 2025 |
|---|---|---|---|---|
| Title | Dainese S.p.A. v. Alpinestars USA, Inc., et al. | | | |

9.      If a party claiming patent infringement alleges willful infringement, the basis for such allegation.

No later than May 27, 2025, defendant shall serve on all parties and file with the Court its Invalidity Contentions, which must contain the following information:

1.      The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious.  Each prior art patent shall be identified by its number, country of origin, and date of issue.  Each prior art publication shall be identified by its title, date of publication, and where feasible, author and publisher.  Each alleged sale or public use shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known.  For pre-AIA claims, prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived.  For pre-AIA claims, prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s);

2.      Whether each item of prior art anticipates each asserted claim or renders it obvious.  If a combination of items of prior art makes a claim obvious, each such combination, and the motivation to combine such items, must be identified;

3.      A chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found, including for each element that such party contends is governed by 35 U.S.C. § 112(f), the identity of the structure(s), act(s), or material(s) in each item of prior art performing the claimed function; and

4.      Any grounds of invalidity based on indefiniteness under 35 U.S.C. § 112(b) or enablement or written description under 35 U.S.C. § 112(a) of any of the asserted claims.

Amendment or modification to the Infringement Contentions or the Invalidity Contentions may be made only by order of the Court, which shall be entered only upon a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-7066 PA (KSx) | Date | March 12, 2025 |
|---|---|---|---|
| Title | Dainese S.p.A. v. Alpinestars USA, Inc., et al. | | |

showing of good cause.  The failure to disclose theories of infringement or invalidity in accordance with this order may preclude those theories from being asserted at trial.

<u>JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT</u>

Absent leave of Court, to the extent the parties cannot agree upon claim construction of the patents in suit, lead trial counsel are ordered to meet and confer no later than June 23, 2025, for the purpose of developing a joint claim construction statement and prehearing statement. Notwithstanding the dates set in the Scheduling Order for the designation of expert witnesses, any party that relies upon the testimony of an expert witness in support of their proffered claim construction must designate and provide reports by that witness as required by Federal Rule of Civil Procedure 26(a)(2)(B) no later than 28 days prior to the date set by the Court for the meet and confer for the preparation of the joint claim construction and prehearing statement. Disputed terms, phrases, and clauses shall be designated as disputed.  All other terms shall be presumed undisputed.  For any term in dispute, the parties must agree on the identity of the term. With regard to disputed terms, phrases, or clauses, the joint statement shall list each disputed term, phrase, or clause (listed by claim); each party's proposed construction; and support for each party's proposed construction side by side.  A model statement is attached to this order.

The parties shall attach to the joint claim construction statement copies of all patents in dispute.  No later than July 7, 2025, the parties shall complete and file a Joint Claim Construction and Prehearing Statement, which shall contain the following information:

1.    The construction of those terms on which the parties agree;

2.    Each party's proposed construction of each disputed term, together with an identification of all references from the specification or prosecution history that support that construction, and an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction or to oppose any other party's proposed construction, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises, and prior art, and testimony of percipient and expert witnesses;

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-7066 PA (KSx) | Date | March 12, 2025 |
|---|---|---|---|
| Title | Dainese S.p.A. v. Alpinestars USA, Inc., et al. | | |

3.     An identification of the terms whose construction will be most significant to the resolution of the case up to a maximum of 10.  The parties shall also identify any term among the 10 whose construction will be case or claim dispositive.  If the parties cannot agree on the 10 most significant terms, the parties shall identify the ones which they do agree are most significant and then they may evenly divide the remainder with each party identifying what it believes are the remaining most significant terms.  However, the total terms identified by all parties as most significant cannot exceed 10.  For example, in a case involving two parties, if the parties agree upon the identification of five terms as most significant, each may only identify two additional terms as most significant; if the parties agree upon eight such terms, each party may only identify one additional term as most significant.

4.     The anticipated length of time necessary for the Claim Construction Hearing;

5.     Whether any party proposes to call one or more witnesses at the Claim Construction Hearing, the identity of each such witness, and for each witness, a summary of his or her testimony including, for any expert, each opinion to be offered related to claim construction; and

6.     An identification of any factual findings requested from the Court related to claim construction.

No later than July 14, 2025, the party claiming patent infringement, or the party asserting invalidity if there is no infringement issue present in the case, shall serve and file an opening brief and any evidence supporting its claim construction.

No later than July 28, 2025, each opposing party shall serve and file its responsive brief and supporting evidence.

No later than August 4, 2025, the party claiming patent infringement, shall serve and file any reply brief and any evidence directly rebutting the supporting evidence contained in an opposing party's response.

Claim construction briefs shall address each disputed term, but only those that are truly disputed, following the submission of the joint statement.  The opening and opposition briefs shall not exceed 25 pages; the reply brief shall not exceed 13 pages.  The Court anticipates that a meaningful meet and confer between the parties preceding the preparation of the joint claim

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-7066 PA (KSx) | Date | March 12, 2025 |
|---|---|---|---|
| Title | Dainese S.p.A. v. Alpinestars USA, Inc., et al. | | |

construction statement will obviate the need for a party to propose in its briefs a claim construction that differs from that proposed in the statement.  The Court will not entertain new constructions proposed for the first time in reply briefs or other filings which do not afford the opposing party an opportunity to respond.

At the time of filing the reply briefs, the parties shall file an amended, final Joint Claim Construction Statement, including only the remaining disputed terms, phrases and clauses.

The Court may conduct a Claim Construction Hearing to the extent the Court believes a hearing is necessary for construction of the claims at issue.  A failure to make a good faith effort to narrow the instances of disputed terms or otherwise participate in the meet and confer process of any of the provisions of this order may expose counsel to sanctions, including striking an answer and entry of default or dismissal of the action.

No later than 28 days after service by the Court of its Claim Construction Ruling, each party relying upon advice of counsel as part of a patent-related claim or defense for any reason shall produce the following information:

1.  Any written advice and documents related thereto for which the attorney-client and work product protection have been waived;

2.  A written summary of any oral advice and documents related thereto for which the attorney-client and work product protection have been waived; and

3.  A privilege log identifying any other documents, except those authored by counsel acting solely as trial counsel, relating to the subject matter of the advice which the party is withholding on the grounds of attorney-client privilege or work product protection.

A party not complying with this rule shall not be permitted to rely on advice of counsel for any purpose absent a stipulation of all parties or by order of the Court.

To the extent that any motion for summary judgment depends on claim construction, a Joint Claim Construction and Prehearing Statement must be filed prior to the filing of the motion

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-7066 PA (KSx) | Date | March 12, 2025 |
|---|---|---|---|
| Title | Dainese S.p.A. v. Alpinestars USA, Inc., et al. | | |

for summary judgment.[2]  The deputy clerk is ordered to file and serve the Court's Civil Trial Scheduling Order on all parties.

IT IS SO ORDERED.

---

[2]     The moving party may seek to modify the schedule for the Joint Claim Construction and Prehearing Statement if it wishes to file a motion for summary judgment prior to the schedule set forth in this order.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 24-7066 PA (KSx) | Date | March 12, 2025 |
|---|---|---|---|
| Title | Dainese S.p.A. v. Alpinestars USA, Inc., et al. | | |

**Sample Claim Chart**

| Claim Language (Disputed Terms in **Bold**) >xxx Patent | Plaintiff's Proposed Construction and Evidence in Support | Defendant's Proposed Construction and Evidence in Support |
|---|---|---|
| 1. A method for counting **ducks,** comprising the steps of: [or] **ducks** Found in claim numbers: xxx Patent: y,z yyy Patent: a, b | PROPOSED CONSTRUCTION: a bird that quacks. DICTIONARY/TREATISE DEFINITIONS: Webster's Dictionary (duck: bird that quacks); Field Guide (bird call: quack); INTRINSIC EVIDENCE: xxx Patent col. _:__ (distinctive honking); Prosecution History at __ (This patent is distinguished from the prior art in that the quacking of the bird is featured). EXTRINSIC EVIDENCE: McDonald Deposition. at xx:xx (I'd say the quacking makes it a duck); Patent at col _:__; Donald Decl. at __ . | PROPOSED CONSTRUCTION: a bird that swims DICTIONARY/TREATISE DEFINITIONS: Random House Dictionary (an aquatic bird); Field Guide (same) INTRINSIC EVIDENCE: xxx Patent col _:__ (ducks may be found on or near bodies of water); Prosecution History at __ (water fowl are particularly amenable to being counted by this method). EXTRINSIC EVIDENCE: G. Marx Deposition at xx:xx (like a duck to water);>456 Patent at col _:__; Daffy Decl. at __ . |

(Or any other substantively similar format that permits the court to compare terms side by side.)

Schedule of Trial and Pretrial Dates

| CASE NO.: | CV | 24-07066 |
|---|---|---|

**PARTIES:**      **Dainese S.p.A.**

                 **-v-**

         **Alpinestars USA, Inc. et al.**

**COMPLAINT FILED:**      **08/20/24**

| TRIAL TYPE: | Jury |
|---|---|

SETTLEMENT CHOICE:
Court/Magistrate
Court's Mediation Panel
Private Dispute Resolution      X
Judicial Settlement Panel

| DATE | MATTER |
|---|---|
| **01/20/26** | Jury Trial at 9:00 a.m. |
| **01/15/26** | File Final Trial Exhibit Stipulation |
| **01/12/26** | Hearing on Motions in Limine at 1:30 p.m.<br>Hearing on Disputed Jury Instructions at 1:30 p.m. |
| **12/19/25** | Final Pretrial Conference at 1:30 p.m.<br>Motions in Limine to be Filed<br>Proposed Voir Dire Questions & Agreed-to Statement of Case |
| **12/05/25** | Lodge Pretrial Conference Order & Pretrial Exhibit Stipulation<br>File Contentions of Fact & Law<br>Exhibit & Witness Lists<br>File Joint Status Report Regarding Settlement<br>File Agreed Upon Set of Instructions & Verdict Forms<br>File Joint Statement Regarding Disputed Instructions, Verdicts, etc. |
| **11/24/25** | Last Date to Conduct Settlement Conference |
| **11/17/25** | Last Day for Hearing Motions |
| **11/10/25** | Discovery Cut-off |
| **06/16/25** | Last Day for Hearing on Motion to Amend Pleadings or Add Parties |