Paul N. Tauger
(State Bar No. 160552)
ADDYHART P.C.
5151 California Street, Suite 100
Irvine, CA  92617
949.438.3218
312.264.2547 (fax)
ptauger@addyhart.com

Caren A. Yusem
*(pro hac vice)*
ADDYHART P.C.
1101 Pennsylvania Ave., N.W.
Suite 300
Washington, DC 20004
312.804.4885
caren@addyhart.com

Meredith Martin Addy
*(pro hac vice)*
Charles A. Pannell, III
*(pro hac vice)*
ADDYHART P.C.
10 Glenlake Parkway, Suite 130
Atlanta, Georgia 30328
312.320.4200
770.715.2020
meredith@addyhart.com
cpannell@addyhart.com

Attorneys for Plaintiff in Dainese S.p.A.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DAINESE S.p.A.,<br><br>Plaintiff,<br><br>v.<br><br>ALPINESTARS USA, and ALPINESTARS S.p.A.,<br><br>Defendant. | Case No.: 2:24-cv-07066-PA-KS<br><br>PLAINTIFF DAINESE S.p.A.'S DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS |

Pursuant to the Court's March 12, 2025, Civil Minutes (Dkt. 39), Plaintiff Dainese S.p.A. ("Dainese") provides the following disclosure of asserted claims and infringement contentions of U.S. Patent No. 12,012,065 ("'065 Patent"). Dainese's investigation regarding these and other potential grounds of infringement is ongoing. Document production has just begun in this case and no depositions have been

*PLAINTIFF'S DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS*

conducted. Dainese reserves the right, subject to the requirements of the Court's March 12 and 13 Orders, to supplement or modify this disclosure and infringement contentions as new information becomes available through fact and expert discovery and based upon rulings of the Court, including any claim construction rulings.

## 1. ASSERTED CLAIMS

Dainese S.p.A. asserts that Alpinestars USA, and Alpinestars S.p.A. ("Alpinestars" or "Defendant") have directly infringed and continue to directly infringe at least claims 1-5, 8-13, 15-17 of the '065 Patent pursuant 35 U.S.C. § 271(a) by making, using, selling, offering to sell within the United States, and/or importing into the United States at least its Tech-Air® 3 and Tech-Air® 10 products. Dainese intends to further show direct infringement of method claims 18, 20-22 to the extent Alpinestars has inflated the Tech-Air 3 and Tech-Air 10 products in the United States through testing, demonstration, and/or use as shown by discovery.

Dainese further asserts that Alpinestars may further infringe claims 18 and 20-22 of the '065 Patent indirectly pursuant to 35 U.S.C. § 271(b) and (c) through the direct infringement of its customers and distributors when they inflate the Tech-Air 3 and Tech-Air 10 products in the United States through testing, demonstration, and/or use as shown by discovery.

## 2. ACCUSED INSTRUMENTALITIES

The Accused Instrumentalities are all versions, models, and sizes of Alpinestars's Tech-Air 3 and Tech-Air 10 products, including Tech-Air 3, Tech-Air 3 Canvas, Tech-Air 3 Leather, and Tech-Air 3 Stella models, and Tech-Air 10 Airbag or Race System. Specifically, the Tech-Air 3 and Tech-Air 10 products include an inflatable protective device that are substantially similar, if not identical, to each other (at least in the chest or front portion of the garments). The protective device is inserted into a garment such as a vest or suit that protects the chest and back of the wearer.

## 3.     CLAIM CHARTS

Attached as Exhibit A is a claim chart identifying where each element of each asserted claim of '065 Patent is found in Tech-Air 3 and Tech-Air 10 models.

## 4.     INDIRECT INFRINGEMENT

Dainese reserves the right to demonstrate after further discovery that Claims 18 and 20-22 are indirectly infringed by Alpinestars when their customers and distributors inflate the Accused Instrumentalities within the United States.  When the Accused Instrumentalities are inflated by a user during testing, demonstration, or use of the product for its intended purpose to protect the user or by accidental inflation they will directly infringe method claims 18 and 20-22.

In addition, Dainese notes that the User's manuals of Alpinestars's Tech-Air 3 and Tech-Air 10 products clearly recite that the disputed products intend to protect the user.  As a consequence, Dainese notes that Alpinestars induces its customers to infringe pursuant to § 271(b) by publishing user guides that instruct the user how to wear the device and activate the device in such a way that it will inflate the protective device in certain conditions where it detects the wearer has fallen or crashed and needs protection.  Alpinestars user guides for the accused instrumentalities can be found    at    Alpinestar's    website    at    the    following    address. https://www.alpinestars.com/pages/product-manuals?_gl=1*5rpsx8*_up*MQ..*_ga*MTczNzM5NDAzNS4xNzQ1MTgwMzU4*_ga_LQSTC0V4J5*MTc0NTE3ODQ1Ny4xMS4xLjE3NDUxODA1MzIuMC4wLjA.*_ga_4F5T8GR6E9*MTc0NTE4MDM1OC4xLjAuMTc0NTE4MDUzMi4wLjAuNjk4MTMwODIy.  For the reasons noted in Section 9 below, Alpinestars has been aware of the '065 Patent.  Alpinestars is further aware that its customers will directly infringe the '065 Patent when it is used by inflating during testing, demonstrations, and use for intended purposes.

*PLAINTIFF'S DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS*

Alpinestars also contributes to infringement pursuant to § 271(c).  Alpinestars offers to sell, sells, and/or imports the Accused Instrumentalities into the United States. The inflatable protective device used in the Accused Instrumentalities is a material part of the patented invention described in method Claims 18 and 20-22 because it provides all elements needed to practice the steps of the claims except it is supplied to customers in a deflated condition.  The Accused Instrumentalities are especially made to infringe the patent because they are set to inflate with gas canisters and inflators during a test, demonstration, or use. The inflatable protective device within the Accused Instrumentalities are not staple articles of commerce and have no substantial non-infringing uses because they are only made to be inflated by the Accused Instrumentality in certain conditions. As noted below in Section 9, Alpinestars has known of the '065 Patent.

## 5.  LITERAL INFRINGEMENT/INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS

Dainese states that Alpinestars literally infringes each asserted claim of the '065 Patent. To the extent that Alpinestars contends that any element is not literally met or that claim construction further indicates an element of a claim may not be met literally, Dainese reserves the right to contend that any claim element not found to be literally present is present under the doctrine of equivalents.

## 6.  PRIORITY DATE

Dainese contends that all claims of the '065 Patent (except for Claim 12) are entitled to the priority date of December 13, 2019, based on earlier international patent applications, including at least Italian Patent Application No. IT102019000023958.  Claim 12 of the '065 Patent is entitled to priority of December 9, 2020, based on filing of PCT/IB2020/061689.

- 4 -
*PLAINTIFF'S DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS*

**7.    DAINESE PRODUCTS**

Dainese does not identify any product subject to requirement no. 7 of the Court's required infringement contention information (Dkt. 39 at 2), but reserves the right to identify products in the future.

**8.    DATE OF INFRINGEMENT START**

Dainese contends that the infringement started on or about June 18, 2024, when the patent issued and that corresponds to the date damages began.  As the patent term has not expired and Alpinestars is continuing to sell and offer the Accused Instrumentalities, infringement and damages have not ended.

**9.    WILLFUL INFRINGEMENT**

Dainese contends that Alpinestars has willfully infringed the '065 Patent. Alpinestars had knowledge of the '065 Patent by at least the date of its issuance because Alpinestars is a primary competitor of Dainese and is known to closely monitor Dainese's patent filings and oppose them.  Alpinestars would have known of the issuance of the '065 Patent and publication of its applications through monitoring of Dainese's patent filings.  Alpinestars has had further knowledge of the patent and infringement since the filing of the Complaint and has continued to sell and offer to sell the Accused Instrumentalities despite knowledge of infringement.

Furthermore, Alpinestars was at least aware of the related foreign EP 4072364 patent ("'364 patent") by at least April 22, 2024, when Alpinestars cited that patent to the examiner in its U.S. Patent No. 12,220,008.  The EP '364 patent comes from the same patent family as the '065 Patent and cites the same priority applications as the '065 Patent.  Alpinestars should have known of the pending patent application for the '065 Patent that was filed and published at that time.

Dainese further asserts that Alpinestars actions further recognize knowledge that its acts are infringing.  Alpinestars sales of the Accused Instrumentalities is reduced or ended as exhibited by the significant reduction in size options on its

*PLAINTIFF'S DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS*

website and discontinuance of some products. While Alpinestars has not ended its sales and offers to sell the Accused Instrumentalities, the reduction in sales evidences a knowledge that such products infringe the '065 Patent.

Additionally, Dainese further asserts that after the launch of disputed product Tech-Air 3 and Tech-Air 10 in 2022, Alpinestars decided to use a prior version of the airbag protection for new products. In particular, Alpinestars turned back to use an older technology adapted in the past for its Tech-Air 5 launched in 2020. Recent products, such as the Tech-Air Off Road (launched in 2024), the Tech-Air 7 (launched in 2024), Tech-Air 5 Plasma (launched in 2025), and the Tech-Air MX (launched in 2025) appear to use an older non-infringing technology. The adoption of old, prior technology in more recent product launches indicates that Alpinestars has recognized that its Tech-Air 3 and Tech-Air 10 technology is infringing.

*PLAINTIFF'S DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS*

This 21st day of April 2025                    /s/ Meredith Martin Addy

                                               Meredith Martin Addy (*pro hac vice*)
                                               meredith@addyhart.com
                                               312.320.4200
                                               Charles A. Pannell, III
                                               (pro hac vice)
                                               cpannell@addyhart.com
                                               770.715.2020
                                               ADDYHART P.C.
                                               10 Glenlake Parkway, Suite 130
                                               Atlanta, Georgia 30328

                                               Caren A. Yusem
                                               (pro hac vice)
                                               ADDYHART P.C.
                                               1101 Pennsylvania Ave., N.W.
                                               Suite 300
                                               Washington, DC 20004
                                               312.804.4885
                                               caren@addyhart.com

                                               Paul N. Tauger
                                               (State Bar No. 160552)
                                               ADDYHART P.C.
                                               5151 California Street, Suite 100
                                               Irvine, CA  92617
                                               949.438.3218
                                               312.264.2547 (fax)
                                               ptauger@addyhart.com

                                               ***Attorneys for Plaintiff Dainese S.p.A***

- 7 -
*PLAINTIFF'S DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS*

# CERTIFICATE OF SERVICE

I certify that this document has been filed through the Electronic Case Filing System of the United States District Court of the Central District of California and will be served electronically by the court to the Registered Participants identified in the Notice of Electronic Filing.

Date: April 21, 2025

/s/ *Meredith Martin Addy*
Meredith Martin Addy

*PLAINTIFF'S DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS*

*Dainese S.p.A. v. Alpinestars S.p.A., et al.*, Case No. 2:24-cv-7066-PA-KS
**Exhibit A – U.S. Patent 12,012,065 Infringement Contention Claim Chart**

Included herein is a claim chart detailing the infringement contentions for Alpinestars's Tech-Air 3 and Tech-Air 10 Product Models. Dainese contends that all variations, colors, and sizes of Tech-Air 3 and Tech-Air 10 products, including Tech-Air 3, Tech-Air 3 Leather, Tech-Air 3 Canvas, and Tech-Air 3 Stella, and any individual manufacture or sale of the protective device used in the Tech-Air 3 and Tech-Air 10 ("Accused Instrumentalities") infringe as set forth in the subsequent table.  Dainese asserts that Claims 1-5, 8-13, and 15-17 are infringed by the Accused Instrumentalities and that Claims 18 and 20-22 are infringed when the Accused Instrumentalities are inflated.

Dainese alleges that Tech-Air 3 and Tech-Air 10 use the same or substantially similar protective devices that are inserted into a garment such as a vest or suit.  Accordingly, Dainese asserts that all Accused Instrumentalities infringe all Asserted Claims.  Unless otherwise explicitly stated, the photos and user guides provided herein are supplied to demonstrate where elements of the claims are found in the Accused Instrumentalities and are provided as examples of how all Accused Instrumentalities infringe.  For example, photographs of specific product elements or citations to specific product user guides for different versions of the Accused Instrumentalities are provided to simplify the chart and are not intended to suggest that only that version of the Accused Instrumentalities meet that element. All Accused Instrumentalities infringe for the same reason identified for each element of the chart regardless of whether a photo or citation comes from a specific model or variation.

Provided in this claim chart, are photos of the Tech-Air 3 and Tech-Air 10 that were created during examination of exemplary models of the Accused Instrumentalities.  Furthermore, Dainese cites to User Guides for the Tech-Air 3 Canvas and Tech-Air 10 herein, which are found on Alpinestars website at https://www.alpinestars.com/pages/product-manuals?_gl=1*kokv3h*_up*MQ..*_ga*MTQ4OTcxMzYxMC4xNzQ1MTgzNjgx*_ga_4F5T8GR6E9*MTc0NTE4MzY4MS4xLjA uMTc0NTE4MzY4MS4wLjAuNDA0MDA4Njk2.  The User Manuals cited are exemplary. Similar drawings and descriptions can be found in User Guides for other versions of the Accused Instrumentalities (*e.g.,* the user guide for Tech-Air 3 Leather has virtually the same drawings and text as Tech-Air 3 Canvas at similar page numbers).

Dainese reserves the right to supplement these contentions as discovery progresses.  Furthermore, Alpinestars has not provided claim constructions, non-infringement contentions, or invalidity contentions in this matter, and Dainese reserves the right to amend the claim chart to allege additional detail as the litigation and discovery progress.  For example, Dainese believes that the claims limitations are literally infringed and do not implicate 35 U.S.C. § 112(f) functional claiming, but Dainese reserves the right to make such alternative arguments if claimed by Alpinestars.

*Dainese S.p.A. v. Alpinestars S.p.A., et al.*, **Case No. 2:24-cv-7066-PA-KS**
**Exhibit A – U.S. Patent 12,012,065 Infringement Contention Claim Chart**

| Claim / Element | Accused Instrumentalities Tech-Air 3 and Tech-Air 10 |
| --- | --- |
| **Claim 1** | |
| [1pre] A protective device for the protection of a user, said protective device comprising, | The protective device is an inflatable element encased within a mesh housing.  The inflatable protective device is typically manufactured and sold such that it is enclosed within a pocket of a garment such as a vest or suit.  The Tech-Air 3 has an infringing protective device on the front and back of the garment corresponding to the chest and back of users. The Tech-Air 10 has a protective device only on the front of the suit protecting the chest area.<br><br> |

2

*Dainese S.p.A. v. Alpinestars S.p.A., et al.*, Case No. 2:24-cv-7066-PA-KS
**Exhibit A – U.S. Patent 12,012,065 Infringement Contention Claim Chart**

| | |
|---|---|
| |  Figure 2: Area of Airbag coverage 9 EN Alpinestars User Guide for the Tech-Air 3 Canvas v. 1.0 at pp. 9, 33 *available at* https://www.alpinestars.com/pages/product-manuals?_gl=1*kokv3h*_up*MQ..*_ga*MTQ4OTcxMzYxMC4xNzQ1MTgzNjgx*_ga_4 F5T8GR6E9*MTc0NTE4MzY4MS4xLjAuMTc0NTE4MzY4MS4wLjAuNDA4MDA8Njk 2 (hereinafter "Tech-Air 3 User Guide") shows the highlighted protective device for the front and back of a user positioned within the garment (left), and removed from the garment (right).  Alpinestars User Guide for the Tech-Air 10 v. 1.0 at 10 *available at* https://www.alpinestars.com/pages/product-manuals?_gl=1*kokv3h*_up*MQ..*_ga*MTQ4OTcxMzYxMC4xNzQ1MTgzNjgx*_ga_4 |

*Dainese S.p.A. v. Alpinestars S.p.A., et al.*, Case No. 2:24-cv-7066-PA-KS
**Exhibit A – U.S. Patent 12,012,065 Infringement Contention Claim Chart**

| | |
|---|---|
| | F5T8GR6E9*MTc0NTE4MzY4MS4xLjAuMTc0NTE4MzY4MS4wLjAuNDA4MDA4Njk2 2 (hereinafter "Tech-Air 10 User Guide") |
| [1a] a mesh structure comprising a first mesh portion and a second mesh portion and a plurality of tie elements, wherein said first mesh portion and said second mesh portion are opposite one another and are connected one another by said plurality of tie elements; | As shown in the pictures below, the protective device includes a mesh structure made of a perforated black mesh.<br><br><br><br>As shown in the cutaway of an exemplary protective device, the mesh structure is comprised of a front and back side that correspond to the first and second mesh portions, respectively. The two sides of the mesh structure are opposite each other and are connected by multiple tie elements made from similar mesh material. |

*Dainese S.p.A. v. Alpinestars S.p.A., et al.*, Case No. 2:24-cv-7066-PA-KS
**Exhibit A – U.S. Patent 12,012,065 Infringement Contention Claim Chart**



***Dainese S.p.A. v. Alpinestars S.p.A., et al.*, Case No. 2:24-cv-7066-PA-KS**
**Exhibit A – U.S. Patent 12,012,065 Infringement Contention Claim Chart**

| | |
|---|---|
| [1b] wherein said tie elements comprise dividing walls defining a plurality of inner housings between said first mesh portion and said second mesh portion; | As seen in the photo below, the tie elements are dividing walls that form multiple inner housings (blue circles) between the first and second mesh portions.<br><br>Tie Elements / Dividing Walls |

6

*Dainese S.p.A. v. Alpinestars S.p.A., et al.*, **Case No. 2:24-cv-7066-PA-KS**
**Exhibit A – U.S. Patent 12,012,065 Infringement Contention Claim Chart**

| | |
|---|---|
| [1c] wherein said protective device includes a casing body arranged at least in an inner housing of said plurality of inner housings, wherein said casing body is configured to assume a deflated condition and an inflated condition in said at least one inner housing of said mesh structure, and wherein in said deflated condition, said casing body occupies a first space or first region, and wherein in the deflated condition a second region or second space of said at least one inner housing lacks a casing body, and wherein in the inflated condition said casing body occupies the second region or second space, | The photo of the deflated protective device below shows an inflatable casing body (white). The casing body is a hand/comb shaped design that is arranged such that each finger of the casing body is inserted into an inner housing of the mesh structure (black).<br><br><br><br>Casing Body<br><br>In its deflated condition, each finger portion of the casing body will occupy a first space/region and there is a second space/region of the respective inner housings that does not contain the finger portion of the casing body as shown in the photo below. |

*Dainese S.p.A. v. Alpinestars S.p.A., et al.*, Case No. 2:24-cv-7066-PA-KS
**Exhibit A – U.S. Patent 12,012,065 Infringement Contention Claim Chart**



In the inflated condition, a finger portion of the casing body occupies the first and the second region of the corresponding mesh inner housing.

As shown in the front and side profile pictures below, when the finger portion of the casing body is inflated it fills and occupies the second space/region of each corresponding inner housing of the mesh structure.

8

*Dainese S.p.A. v. Alpinestars S.p.A., et al.*, Case No. 2:24-cv-7066-PA-KS
**Exhibit A – U.S. Patent 12,012,065 Infringement Contention Claim Chart**

| | |
|---|---|
| |   |
| [1d] wherein said casing body comprises a plurality of portions each arranged in a corresponding inner housing of said plurality of inner housings, and wherein said plurality of inner housings define channels arranged side-by-side one another and separated from each other by a tie element of said | As shown in the picture below and also discussed above, the white casing body is comprised of finger-like portions that are arranged to be housed in multiple corresponding inner housings of the mesh structure. The inner housing each define a channel (circled in blue) that is arranged side-by-side and separated from each other by tie elements. |

*Dainese S.p.A. v. Alpinestars S.p.A., et al.*, Case No. 2:24-cv-7066-PA-KS
**Exhibit A – U.S. Patent 12,012,065 Infringement Contention Claim Chart**

| plurality of tie elements, each of said plurality of inner housings configured to house a corresponding portion of said casing body, and |  |
| --- | --- |

*Dainese S.p.A. v. Alpinestars S.p.A., et al.*, Case No. 2:24-cv-7066-PA-KS
**Exhibit A – U.S. Patent 12,012,065 Infringement Contention Claim Chart**

| | |
|---|---|
| [1e] wherein in the inflated condition, said portions of said casing body are inflated against said first mesh portion, said second mesh portion, and said tie elements so as to form a planar structure. | As seen in the front and side profile of the inflated casing body within the mesh structure of the protective device, the casing body is inflated against the first and second (front and back) portions of the mesh structure as well as the tie elements that separate the inner housings. When inflated, the casing body forms a planar structure in which the profiles of the casing body portions lay/rest on in the same plane.   |

11

*Dainese S.p.A. v. Alpinestars S.p.A., et al.*, Case No. 2:24-cv-7066-PA-KS
**Exhibit A – U.S. Patent 12,012,065 Infringement Contention Claim Chart**

| Claim 2 | |
|---|---|
| [2] The protective device according to claim 1, wherein in the inflated condition said casing body is configured to line from the inside, at least partially in contact, said mesh structure and that said mesh structure is an external structure of said protective device. | *See* Claim 1 limitation descriptions above.<br><br>The figures show that in the inflated condition, the casing body is inside the mesh structure and will line the inside of the mesh structure and be in contact with it.  The mesh structure is external to the casing body that is inflated within the mesh structure and is an external structure of the overall protective device.<br><br>  |

*Dainese S.p.A. v. Alpinestars S.p.A., et al.*, Case No. 2:24-cv-7066-PA-KS
**Exhibit A – U.S. Patent 12,012,065 Infringement Contention Claim Chart**

| Claim 3 | |
|---|---|
| [3] The protective device according to claim 1, wherein in said inflated condition, said casing body completely occupies the second region or second space and the first region or first space of said inner housing. | *See* Claim 1 limitation descriptions above.<br><br>In the inflated condition, the casing body completely occupies the first and the second region of the corresponding inner housing. This configuration allows the casing body to provide protection to the user's body.<br><br>  |

*Dainese S.p.A. v. Alpinestars S.p.A., et al.*, Case No. 2:24-cv-7066-PA-KS
**Exhibit A – U.S. Patent 12,012,065 Infringement Contention Claim Chart**

| Claim 4 | |
|---|---|
| [4] The protective device according to claim 1, wherein the deflated condition of said casing body corresponds to a slack and loose condition of said mesh structure and of said tie elements, and wherein the inflated condition of said casing body corresponds to an at least partially tensioned condition of said tie elements and of said first mesh portion and said second mesh portion. | *See* Claim 1 limitation descriptions above.<br><br>As shown in the pictures below, when the white casing body is deflated, the mesh structure and tie elements are in a slack or loose condition.<br><br> |

*Dainese S.p.A. v. Alpinestars S.p.A., et al.*, Case No. 2:24-cv-7066-PA-KS
**Exhibit A – U.S. Patent 12,012,065 Infringement Contention Claim Chart**



When the casing body is inflated, the first and second mesh portions and tie elements of the mesh structure are tensioned as seen in images below.

 

15

*Dainese S.p.A. v. Alpinestars S.p.A., et al.*, Case No. 2:24-cv-7066-PA-KS
**Exhibit A – U.S. Patent 12,012,065 Infringement Contention Claim Chart**

| Claim 5 | |
| --- | --- |
| [5] The protective device according to claim 1, wherein said casing body has a hand or comb or tree shape, or has tubular shape arranged in a serpentine way. | *See* Claim 1 limitation descriptions above.<br><br>As shown in the images below the casing body of the Accused Instrumentalities has a hand or comb shape.<br><br> <br><br>  |

16

*Dainese S.p.A. v. Alpinestars S.p.A., et al.*, Case No. 2:24-cv-7066-PA-KS
**Exhibit A – U.S. Patent 12,012,065 Infringement Contention Claim Chart**

| Claim 8 | |
|---|---|
| [8a] The protective device according to claim 1, wherein said mesh portions and said casing body define an inflatable element, and wherein an inflated condition of said casing body corresponds to an inflated condition of protection of said inflatable element, | *See* Claim 1 limitation descriptions above.<br><br>As shown below the black mesh portion and white casing body define an inflatable element that can be inflated by providing air in the casing body.<br><br><br><br>As shown in images found in the Product User Guides and advertisements.  When the casing body is inflated, the inflatable element is in a condition for protecting the wearer's chest and back regions in the Tech-Air 3 and the chest region in the Tech-Air 10. |

*Dainese S.p.A. v. Alpinestars S.p.A., et al.*, Case No. 2:24-cv-7066-PA-KS
**Exhibit A – U.S. Patent 12,012,065 Infringement Contention Claim Chart**



**Description of Chest Protected Area**

**Description of Back Protected Area:**
For the waist to shoulder length of the bigger user, refer to the upper value in the third column of Table 5 for each size.

Tech-Air 3 User Guide pp. 54, 56.

*Dainese S.p.A. v. Alpinestars S.p.A., et al.*, Case No. 2:24-cv-7066-PA-KS

**Exhibit A – U.S. Patent 12,012,065 Infringement Contention Claim Chart**

<table>
<tr>
<td></td>
<td>



Tech-Air 10 User Guide p. 39; Tech-Air 10 Advertisement *available at* https://www.alpinestars.com/products/tech-air-10-airbag-system?_gl=1*j7zpp8*_up*MQ..*_ga*MTUxNDcyMjI1Ni4xNzQ1MTkxMjE2*_ga_4F5T8GR6E9*MTc0NTE5MTIxNi4xLjAuMTc0NTE5MTIyNS4wLjAuMTA2NTU3NTE4Mw.
</td>
</tr>
<tr>
<td>

[8b] and a deflated condition corresponds to a rest condition said inflatable element, and wherein in the deflated condition said second region of said at least one inner housing is apt to allow a passage of air between said first mesh portion and said second mesh portion
</td>
<td>

As shown in the images below of the inflatable element in the deflated / rest condition, the casing body portions do not fill the second region, which is apt to allow the passage of air through the first and second portion of the mesh structure and the second region of the inner housings.  This can be seen in the image because the second region of the mesh structure is not blocked by the casing body and the viewer can see through the open space of the second region in a deflated condition. Air can also pass through in between the portions of the casing body at or near the tie elements.
</td>
</tr>
</table>

19

Dainese S.p.A. v. Alpinestars S.p.A., et al., Case No. 2:24-cv-7066-PA-KS
Exhibit A – U.S. Patent 12,012,065 Infringement Contention Claim Chart

| | |
|---|---|
| passing through said second region of said at least one inner housing. | <br><br>Second Region that is apt to allow passage of air in deflated condition. |
| **Claim 9** | |
| [9] The protective device according to claim 1, comprising a gas source or inflation source connected to said casing body. | *See* Claim 1 limitation descriptions above.<br><br>The Accused Instrumentalies use a gas to inflate the airbag within the protective deivce. The Tech-Air 3 uses a gas inflator that is housed in the bottom left back of the wearer in the garment.  The Tech-Air 10 is inflated with a gas canister housed in the back. |

*Dainese S.p.A. v. Alpinestars S.p.A., et al.*, Case No. 2:24-cv-7066-PA-KS
**Exhibit A – U.S. Patent 12,012,065 Infringement Contention Claim Chart**



Tech-Air 10 User Guide p. 20 (Gas Canister at 6).

Tech-Air 3 User Guide p. 17, 33 (Gas Inflator housed at 4).

21

*Dainese S.p.A. v. Alpinestars S.p.A., et al.*, Case No. 2:24-cv-7066-PA-KS
**Exhibit A – U.S. Patent 12,012,065 Infringement Contention Claim Chart**

| Claim 10 | |
|---|---|
| [10] The protective device according to claim 1, wherein said protective device is a wearable device. | *See* Claim 1 limitation descriptions above.<br><br>The protective device of the Accused Instrumentalities is designed to be a wearable device because it is included within a wearable vest (Tech-Air 3) or suit (Tech-Air 10) and designed such that it can be worn by a user in such a way that the protective device will be positioned to protect the chest and/or back of the user.<br><br><br>Tech-Air 3 Wearing demonstration and Figures from Tech-Air 3 User Guide p.9. |

*Dainese S.p.A. v. Alpinestars S.p.A., et al.*, Case No. 2:24-cv-7066-PA-KS
**Exhibit A – U.S. Patent 12,012,065 Infringement Contention Claim Chart**



Tech-Air 10 wearable suit and figures from Tech-Air 10 User Guide pp. 10, 25, 39 (showing wearability of suit and protective device within suit).  The Alpinestars Website further indicates that the Tech-Air 3 and Tech-Air 10 airbag system is intended to be worn and therefore it is a wearable item.

*Dainese S.p.A. v. Alpinestars S.p.A., et al.*, Case No. 2:24-cv-7066-PA-KS
**Exhibit A – U.S. Patent 12,012,065 Infringement Contention Claim Chart**

| | |
|---|---|
| | • The state-of-the-art, wearable Tech-Air® 10 Airbag System comes with an active electronic System that features 12 sensors (3 triaxial accelerometers plus 1 triaxial gyroscope) and a crash detection algorithm that leverages AI to accurately monitor when to deploy the airbag in the event of a crash. |
| | **Description** ^<br><br>Alpinestars' Tech-Air® 3 Leather Airbag System is designed to be worn over a motorcycle jacket, but can be worn under the jacket, as well, providing effective and practical protection for V-Twin riders, touring riders, urban city commuters, and weekend warriors who want to ride protected. Alpinestars' crash detection triggering |
| | https://www.alpinestars.com/ |
| **Claim 11** | |
| [11] A protective garment or clothing accessory comprising said protective device according to claim 1. | *See* Claim 1 limitation descriptions above.<br><br>The Accused Instrumentalities are designed as protective garments and/or clothing accessories (e.g., Tech-Air 3 is generally a vest and Tech-Air 10 is generally a suit) that contain the protective device system within internal pockets.<br><br>For example, in the photos below, the protective device can be seen partially removed from the pockets of the Tech-Air 3 (Left) and Tech-Air 10 (Right). |

24

*Dainese S.p.A. v. Alpinestars S.p.A., et al.*, Case No. 2:24-cv-7066-PA-KS
**Exhibit A – U.S. Patent 12,012,065 Infringement Contention Claim Chart**



*Dainese S.p.A. v. Alpinestars S.p.A., et al.*, Case No. 2:24-cv-7066-PA-KS
**Exhibit A – U.S. Patent 12,012,065 Infringement Contention Claim Chart**

| Claim 12 | |
|---|---|
| [12] The protective garment according to claim 11, wherein said protective garment has a covering layer, wherein said covering layer is of breathable material or includes transpiration openings, and wherein said covering layer covers said first region and said second region of said one or more inner housings. | *See* Claim 11 limitation descriptions above.<br><br>The Tech-Air 3 Products have a covering layer that is a vest that can be worn by a user. The vest covers the protective device, including the first and second regions of the inner housings as shown in images below.<br><br><br>Tech-Air 3 User Guide at  9.<br><br><br>Tech-Air 10 User Guide at 10.<br><br>The Tech-Air 3 vest cover is made from leather, canvas, or other fabrics that are made from a breathable material or includes openings and panels for ventilation. |

*Dainese S.p.A. v. Alpinestars S.p.A., et al.*, Case No. 2:24-cv-7066-PA-KS
**Exhibit A – U.S. Patent 12,012,065 Infringement Contention Claim Chart**

For example, Alpinestars's website for the Tech-Air 3 promotes the breathability of the Tech-Air 3 "Breathable air panels," "Ventilated mesh," and "Mesh lining for breathability."



**Lightweight Protection for the commuter to be worn over or under your jacket**

**Ideal for commuting in the city**
This is our lightest airbag system, and it is perfect for urban city commutes.

**Breathable**
Perforated back zone for improved breathability, with internal air channels for enhanced airflow.

**Bluetooth connectivity**
Bluetooth low energy (BLE 5.0) connectivity with the Tech-Air® App shows the system's status, the battery status and riding data. Upgradable system firmware, accessible via the Tech-Air® App.

**Haptic Alert**
An LED display on the front chest continously indicates the airbag's operational status. The LED display also incorporates a haptic alert, which vibrates to confirm the system is armed and alerts the rider when the battery is running low.

**Price**

$599.95

Learn more



27

*Dainese S.p.A. v. Alpinestars S.p.A., et al.*, Case No. 2:24-cv-7066-PA-KS
**Exhibit A – U.S. Patent 12,012,065 Infringement Contention Claim Chart**



https://www.alpinestars.com/pages/alpinestars-tech-air-autonomous-airbag-systems
(highlighting breathability of panels and lining of Tech-Air 3, Tech-Air 3 Canvas, and Tech-Air 3 Leather)

The Tech-Air 10 product covering is made with a breathable fabric and mesh with air panels. Alpinestars's website further promotes the breathability of the Tech-Air 10 product.

28

*Dainese S.p.A. v. Alpinestars S.p.A., et al.*, Case No. 2:24-cv-7066-PA-KS
**Exhibit A – U.S. Patent 12,012,065 Infringement Contention Claim Chart**

|  |  |
|---|---|
|  |  https://www.alpinestars.com/pages/alpinestars-tech-air-autonomous-airbag-systems |
| **Claim 13** | |
| [13] The protective device according to claim 1, wherein in the inflated condition said casing body is configured to line from the inside, at least partially in contact, said mesh structure or that said mesh structure is an external structure of said protective device. | *See* Claim 2 disclosures. |

*Dainese S.p.A. v. Alpinestars S.p.A., et al.*, Case No. 2:24-cv-7066-PA-KS
**Exhibit A – U.S. Patent 12,012,065 Infringement Contention Claim Chart**

| Claim 15 | |
|---|---|
| [15] The protective device according to claim 1, wherein said mesh structure is a perforated structure that allows air or other gas to pass. | *See* Claim 1 limitation descriptions above.<br><br>As shown in the closeup photo below (left) the black mesh structure of the Accused Instrumentalities is a perforated structure with holes that allow air and other gases to pass through the mesh structure and allows air to pass through the entire assembly of the mesh structure and casing body as seen in image of the protective device (right) in which portions can be seen through.<br><br>  |
| **Claim 16** | |
| [16] The protective device according to claim 1, wherein said mesh structure, or the mesh portion, is a net. | *See* Claim 1 limitation descriptions above.<br><br>As seen in the closeup photo below, the black mesh structure is a net. |

*Dainese S.p.A. v. Alpinestars S.p.A., et al.*, Case No. 2:24-cv-7066-PA-KS
**Exhibit A – U.S. Patent 12,012,065 Infringement Contention Claim Chart**

<table>
<tr>
<td colspan="2"></td>
</tr>
<tr>
<td colspan="2"><strong>Claim 17</strong></td>
</tr>
<tr>
<td>[17] The protective device according to claim 1, wherein each portion of said casing body is at least partially received in a corresponding one of said inner housings in both the deflated condition and in the inflated condition.</td>
<td><em>See</em> Claim 1 limitation descriptions above.<br><br>As seen in the photos below of the protective device in inflated and deflated conditions, the finger-like portions of the white casing body are received in corresponding inner housings of the black mesh structure.</td>
</tr>
</table>

*Dainese S.p.A. v. Alpinestars S.p.A., et al.*, Case No. 2:24-cv-7066-PA-KS
**Exhibit A – U.S. Patent 12,012,065 Infringement Contention Claim Chart**

|  |  |
|---|---|
|  |    |
|  | *See also* Claim [1d] limitation analysis of portions of casing body arranged in inner housings. |
| **Claim 18** | |
| [18pre] A method for making a protective device for the protection of a user, said method comprising the steps of: | The Accused Instrumentalities are programmed to activate a gas canister or inflator that will inflate the white casing body.  When the Accused Instrumentalities are inflated, such as during testing, use for their intended purpose (*i.e.*, to protect the wearer), or through accidental inflation, they will practice all steps for making the protective device of Claim 18. |
| [18a] providing a mesh structure comprising a first mesh portion and a second mesh portion, opposite the first mesh portion, and a plurality of tie elements connecting the first mesh portion and the second mesh portion, wherein the tie elements comprise dividing walls defining a plurality of inner housings between the first mesh portion and the second mesh portion; | *See* Claim Element [1a] and [1b] disclosure. |

*Dainese S.p.A. v. Alpinestars S.p.A., et al.*, Case No. 2:24-cv-7066-PA-KS
**Exhibit A – U.S. Patent 12,012,065 Infringement Contention Claim Chart**

| | |
|---|---|
| [18b] arranging a casing body with a plurality of portions in the mesh structure to form with the mesh structure an inflatable element, the plurality of portions each arranged in a corresponding inner housing of the plurality of inner housings, and wherein the inner housings form channels arranged side-by-side one another and separated from each other by a tie element of the tie elements, each of the inner housings configured to house a corresponding portion of the casing body; and | *See* Claim Element [1d] disclosure. |
| [18c] inflating the casing body from a first deflated operating condition to a second inflated operating condition, wherein in the inflated condition, the portions of the casing body are inflated against the first mesh portion, the second mesh portion, and the tie elements so as to form a planar structure, wherein in the deflated condition, the casing body occupies a first space or region, and wherein in said deflated condition a second region or second space of the at least one inner housing lacks the casing body, and wherein in the inflated condition the casing body expands and occupies the second region or second space. | *See* Claim Element [1c] and [1e] disclosure. |

33

*Dainese S.p.A. v. Alpinestars S.p.A., et al.*, Case No. 2:24-cv-7066-PA-KS
**Exhibit A – U.S. Patent 12,012,065 Infringement Contention Claim Chart**

| Claim 20 | |
|---|---|
| [20] The method according to claim 18, wherein the casing body is inflated until the mesh structure is tensioned and the mesh structure bridles and prevents a further expansion of the casing body. | *See* Claim 18 limitation descriptions above.<br><br>As seen in the front and side profile images below, when the white casing body is inflated the mesh structure is tensioned causing it to bridle and further prevent expansion of the white casing body.<br><br>  |
| **Claim 21** | |
| [21] The method according to claim 18, wherein in the deflated condition the second region of the at least one inner housing allows an air passage between the first mesh portion and the second mesh portion passing through the second region. | *See* Claim 18 limitation descriptions above.<br><br>*See* Claim Element [8b]. |

*Dainese S.p.A. v. Alpinestars S.p.A., et al.*, Case No. 2:24-cv-7066-PA-KS

**Exhibit A – U.S. Patent 12,012,065 Infringement Contention Claim Chart**

| **Claim 22** | |
|---|---|
| [22] The method according to claim 18, wherein the casing body is inflated until the tie elements and the mesh structure are tensioned or until the casing body is at least partially adhered to the first mesh portion and the second mesh portion. | *See* Claim 18 limitation descriptions above.<br><br>When the casing body is inflated, the first and second mesh portions and tie elements of the mesh structure are tensioned as seen in images below.<br><br>  |