Paul R. Steadman (*Pro Hac Vice*)
paul.steadman@us.dlapiper.com
Matthew D. Satchwell (*Pro Hac Vice*)
matthew.satchwell@us.dlapiper.com
**DLA PIPER LLP (US)**
444 West Lake Street, Suite 900
Chicago, Illinois 60606-0089
T: (312) 368-2135 | F: (312) 251-2850
T: (312) 368-2111 | F: (312) 236-7519

Martin M. Ellison (SBN 292060)
martin.ellison@us.dlapiper.com
**DLA PIPER LLP (US)**
2000 Avenue of the Stars, Suite 400, N. Tower
Los Angeles, CA 90067-4735
T: (310) 595-3000 | F: (310) 595-3300

Attorneys for Defendants
Alpinestars USA Inc. and Alpinestars S.p.A.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DAINESE S.p.A., <br><br> Plaintiff, <br><br> v. <br><br> ALPINESTARS USA Inc. and ALPINESTARS S.p.A., <br><br> Defendants. | Case No. 2:24-cv-07066-PA-KS <br><br> **DEFENDANTS ALPINESTARS USA INC. AND ALPINESTARS S.P.A.'S NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS PENDING *INTER PARTES* REVIEW** <br><br> Hearing Date: June 2, 2025 <br> Time: 1:30 p.m. <br> Courtroom: 9A <br> Judge: Hon. Percy Anderson <br><br> Jury Trial Demanded |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that, on June 2, 2025, at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 9A of the First Street Courthouse, located at 350 W. 1ˢᵗ Street, Los Angeles, California, 90012, Defendants Alpinestars USA and Alpinestars S.p.A. (collectively "Alpinestars") shall and hereby do move to stay this action pending the Patent Trial and Appeal Board's *inter partes* review of a petition filed challenging the patent-in-suit (IPR2025-00750). This motion is based on this notice and supporting memorandum of points and authorities, the accompanying declaration and exhibits submitted therewith, and such other written or oral argument as may be presented at or before the time this motion is deemed submitted by the Court. This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on April 22, 2025.

# TABLE OF CONTENTS

I.      BACKGROUND ..................................................................................................2

    A.      Current Case Status ...............................................................................2

    B.      Alpinestars' IPR Petition ......................................................................2

II.     LEGAL STANDARD .........................................................................................2

III.    THE COURT SHOULD ENTER THE REQUESTED STAY......................3

    A.      A Stay is Appropriate Given the Early Stage of This Litigation.........3

    B.      A Stay Would Likely Simplify the Issues and Reduce the Burden on This Court and the Parties..............................................................4

    C.      A Stay Would Not Cause Dainese Any Undue Prejudice or Clear Tactical Disadvantage ............................................................................8

IV.     CONCLUSION ...................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aire Tech., Ltd. v. Garmin Int'l, Inc.*,
No. 8:22-CV-01027, 2022 WL 19076660 (C.D. Cal. Aug. 16, 2022)..................2

*Aylus Networks, Inc. v. Apple, Inc.*,
856 F.3d 1353 (Fed. Cir. 2017) ........................................................................ 6, 8

*CAO Lighting, Inc. v. Signify N. Am. Corp.*,
No. 21-cv-08972, 2022 WL 20563918 (C.D. Cal. Dec. 21, 2022) .....................1

*Danco Inc. v. Fluidmaster Inc.*,
No. 23-cv-01156, 2024 WL 3914664 (C.D. Cal. Apr. 3, 2024) .........................1

*Ethicon, Inc. v. Quigg*,
849 F.2d 1422 (Fed. Cir. 1988) .........................................................................2

*Game & Tech Co. Ltd. v. Riot Games, Inc.*,
No. CV 16-06486-BRO (SK), 2016 WL 9114147 (C.D. Cal. Nov. 4,
2016) ................................................................................................................5, 6

*Gen. Elec. Co. v. Vestas Wind Sys. A/S*,
No. 17-CV-05653, 2018 WL 11241717 (C.D. Cal. June 7, 2018) .....................1

*General Elec. v. Vestas Wind Sys. A/S*,
Case No. 2:17-cv-05653-AB, Dkt. 85 (C.D. Cal. June 7, 2018).........................4

*Guy A. Shaked Invs., Ltd. v. Trade Box, LLC*,
No. 19-cv-10593, 2020 WL 13220062 (C.D. Cal. Nov. 18, 2020).....................1

*Laser Spallation Techs., LLC v. Boeing Co.*,
No. 23-CV-02294, 2024 WL 3915091 (C.D. Cal. May 22, 2024) .....................1

*Lian Li Indus. Co., Ltd. v. Thermaltake Tech., Co., Ltd.*,
No. 2:23-cv-07470-HDV-MAR, 2024 WL 4800671 (C.D. Cal. Oct.
4, 2024) ...........................................................................................................1, 4

*Limestone v. Micron Tech.*,
No. 15-CV-0278, 2016 WL 3598109 (C.D. Cal. Jan. 12, 2016) ....................2, 5

*Lund Motion Prod. v. T-Max Hangzhou Tech. Co.*,
No. 8:17-cv-01914-CJC, 2019 WL 116784 (C.D. Cal. Jan. 2, 2019).................4

*Masimo Corp. v. Apple Inc.*,
No. SACV 20-48, 2020 U.S. Dist. LEXIS 217483 (C.D. Cal. Oct. 13, 2020) ....................................................................................................6

*MCM Portfolio LLC v. Hewlett-Packard Co.*,
812 F.3d 1284 (Fed. Cir. 2015) ...........................................................................7

*Medtronic, Inc. v. Axonics Modulation Techs., Inc.*,
No. SA CV 19-02115, 2020 WL 5087820 (C.D. Cal. May 8, 2020)...................3

*Meissner Filtration Prods., Inc. v. Sani-Tech W., Inc.*,
No. LA CV22-01194, 2022 WL 17190245 (C.D. Cal. Oct. 3, 2022)..............1, 7

*Murata Mach. USA v. Daifuku*,
830 F.3d 1357 (Fed. Cir. 2016) ...........................................................................7

*Nike, Inc. v. Skechers U.S.A., Inc.*,
No. CV 23-09346-AB, 2025 WL 439935 (C.D. Cal. Feb. 4, 2025) ............1, 3, 6

*OKYN Holdings, Inc. v. Hori U.S.A., Inc.*,
No. 2:21-CV-04796, 2022 WL 2189597 (C.D. Cal. Apr. 28, 2022) ...............1, 5

*Olati LLC v. Haas Automation, Inc.*,
No. 20-CV-1650, 2020 WL 8512303 (C.D. Cal. Dec. 23, 2020) .........................7

*Palo Alto Research Center, Inc. v. Snap Inc.*,
No. 2:20-cv-10755, Dkt. 50 (C.D. Cal. July 1, 2021) ..........................................1

*PersonalWeb Techs. v. Apple Inc.*,
69 F. Supp. 3d 1022 (N.D. Cal. Sept. 24, 2014) ..................................................8

*Philips North America LLC v. Garmin Int'l, Inc.*,
No. 2:19-cv-06301-AB-KS, Dkt. 125 (C.D. Cal. Feb. 25, 2021) ........................1

*Polaris Innovations Ltd. v. Kingston Tech. Co., Inc.*,
No. SACV 16-00300-CJC, 2017 WL 8220599 (C.D. Cal. June 27, 2017) ....................................................................................................5

*Polaris PowerLED Techs., LLC v. LG Elecs., Inc*,
No. SACV 20-00125-JVS, 2020 WL 6064964 (C.D. Cal. Aug. 26, 2020) .................................................................................................7, 8

iii

*Polymer Tech. Sys. v. Jant Pharmacal*,
No. 15-02585, 2015 WL 12860482 (C.D. Cal. Aug. 20, 2015) ........................... 4

*Prime Focus Creative Servs. Canada Inc. v. Legend3D, Inc.*,
No. 15-CV-2340, 2015 WL 12746207 (C.D. Cal. Sept. 23, 2015) ..................... 6

*PureCircle USA Inc. v. SweeGen, Inc.*,
No. SACV 18–1679 JVS, 2019 WL 3220021 (C.D. Cal. June 3,
2019) ............................................................................................................... 5

*PureCircle USA, Inc. v. Sweegen, Inc.*,
No. SACV 18-1679 JVS, 2020 WL 5260492 (C.D. Cal. Aug. 5,
2020) ............................................................................................................... 3

*Realtime Data LLC v. Teradata Operations, Inc.*,
No. SACV 16–02743, 2017 WL 3453295 (C.D. Cal. Feb. 27, 2017) ................ 8

*RJ Tech. LLC v. Apple Inc.*,
No. 8:22-cv-01874-JVS, 2023 WL 8188475 (C.D. Cal. Oct. 4,
2023) ............................................................................................................... 5

*Sleep No. Corp. v. Sizewise Rentals, LLC*,
No. 18-CV-00356, 2019 WL 1091335 (C.D. Cal. Feb. 12, 2019) ..................... 1

*SPEX Techs., Inc. v. Kingston Tech. Corp.*,
No. 2:16-cv-07349-JVS, 2018 WL 2446801 (C.D. Cal. May 16,
2018) ............................................................................................................... 4

*TeleSign Corp. v. Twilio, Inc.*,
No. 15-CV-3240, 2016 WL 6821111 (C.D. Cal. Mar. 9, 2016) ........................ 3

*Universal Elecs., Inc. v. Universal Remote Control, Inc.*,
943 F. Supp. 2d 1028 (C.D. Cal. 2013) ............................................................ 3

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
759 F.3d 1307 (Fed. Cir. 2014) ................................................................... 3, 5

*Weserve Drone, LLC v. SZ DJI Tech. Co.*,
No. 19-CV-04382, 2020 WL 4373365 (C.D. Cal. Mar. 17, 2020) .................... 1

*Wonderland Nursery Goods Co., Ltd. v. Baby Trend, Inc.*,
No. EDCV 14-01153-VAP, 2015 WL 1809309 (C.D. Cal. Apr. 20,
2015) ....................................................................................................... 4, 5, 7, 9

iv

*XR Commc'ns v. D-Link Sys.*,
   No. 8:17-cv-00596-DOC, 2018 WL 2734849 (C.D. Cal. Apr. 10,
   2018) ................................................................................................................ 4, 5

**Statutes**

35 U.S.C. § 315(e)(2) ........................................................................................ 6

Alpinestars recently filed a petition for *inter partes* review ("IPR") challenging the validity of all claims of the sole asserted patent in this case, U.S. Patent No. 12,012,065 ("the '065 patent"). Alpinestars respectfully requests that the Court stay this litigation pending institution and eventual resolution of this IPR petition by the Patent Trial and Appeal Board ("PTAB"). All three factors relevant to issuing a stay pending IPR weigh in favor of Alpinestars' request: (1) the case is in its earliest stages, and as a result a stay would greatly conserve party and Court resources; (2) a stay will likely simplify the issues in this case because the IPR petition may result in the cancellation of some or all of the asserted claims, or otherwise dispense with large portions of any invalidity defense; and (3) a stay would not unduly prejudice Plaintiff Dainese S.p.A. ("Dainese") because Alpinestars timely filed its IPR petition. Alpinestars respectfully requests that the Court stay proceedings in this matter, consistent with the holdings of other numerous other courts in this District.[1]

---

[1] *See Nike, Inc. v. Skechers U.S.A., Inc.*, No. CV 23-09346-AB (PVCx), 2025 WL 439935 (C.D. Cal. Feb. 4, 2025); *Lian Li Indus. Co., Ltd. v. Thermaltake Tech., Co., Ltd.*, No. 2:23-cv-07470-HDV-MAR, 2024 WL 4800671 (C.D. Cal. Oct. 4, 2024); *Laser Spallation Techs., LLC v. Boeing Co.,* No. 23-CV-02294, 2024 WL 3915091 (C.D. Cal. May 22, 2024); *Danco Inc. v. Fluidmaster Inc.*, No. 23-cv-01156, 2024 WL 3914664 (C.D. Cal. Apr. 3, 2024); *CAO Lighting, Inc. v. Signify N. Am. Corp.*, No. 21-cv-08972, 2022 WL 20563918 (C.D. Cal. Dec. 21, 2022); *Meissner Filtration Prods., Inc. v. Sani-Tech W., Inc.*, No. LA CV22-01194 JAK (Ex), 2022 WL 17190245 (C.D. Cal. Oct. 3, 2022); *OKYN Holdings, Inc. v. Hori U.S.A., Inc.*, No. 2:21-CV-04796, 2022 WL 2189597 (C.D. Cal. Apr. 28, 2022); *Palo Alto Research Center, Inc. v. Snap Inc.*, No. 2:20-cv-10755, Dkt. 50 (C.D. Cal. July 1, 2021); *Guy A. Shaked Invs., Ltd. v. Trade Box, LLC*, No. 19-cv-10593, 2020 WL 13220062 (C.D. Cal. Nov. 18, 2020); *Weserve Drone, LLC v. SZ DJI Tech. Co.*, No. 19-CV-04382, 2020 WL 4373365 (C.D. Cal. Mar. 17, 2020); *Sleep No. Corp. v. Sizewise Rentals, LLC*, No. 18-CV-00356, 2019 WL 1091335 (C.D. Cal. Feb. 12, 2019); *Gen. Elec. Co. v. Vestas Wind Sys. A/S*, No. 17-CV-05653, 2018 WL 11241717 (C.D. Cal. June 7, 2018); *see also Philips North America LLC v. Garmin Int'l, Inc.*, No. 2:19-cv-06301-AB-KS, Dkt. 125 (C.D. Cal. Feb. 25, 2021).

CASE NO. 2:24-CV-07066-PA-KS
ALPINESTARS' MOTION TO STAY PENDING IPR

## I.     BACKGROUND

### A.     Current Case Status

This case is in its earliest stages. Dianese sued Alpinestars for infringement of the '065 patent, which relates to an inflatable crash-protection device for motorcycle operators, on August 20, 2024. Compl., ¶ 17. Pursuant to two stipulated extensions (D.I. 24, D.I. 31), Alpinestars answered on February 6, 2025. The Court entered a scheduling order setting case deadlines on March 12, 2025. D.I. 39, D.I. 40. The parties mutually agreed to enter early mediation (D.I. 41) and paused significant case discovery pending the outcome of that mediation. Mediation failed. As of the date of filing, neither party has served discovery requests, and only Alpinestars has served initial disclosures. Dainese served a disclosure of asserted claims and infringement contentions on April 21, 2025 pursuant to the Court's scheduling orders. No other significant activity has yet occurred in this case (e.g., invalidity contentions, claim construction, etc.). Trial is currently scheduled to begin in January 2026. D.I. 40.

### B.     Alpinestars' IPR Petition

Alpinestars diligently filed an IPR petition challenging all claims of the '065 patent. The IPR petition in IPR2025-00750 was filed on March 27, 2025. Because the petition challenges the validity of all claims of the '065 patent, any decision by the PTAB will necessarily impact these proceedings, including potentially resolving this case in its entirety if all asserted claims are invalidated.

## II.     LEGAL STANDARD

"District courts have broad discretion to stay proceedings in patent actions pending resolution of reexamination or IPR proceedings before the PTO." *Aire Tech., Ltd. v. Garmin Int'l, Inc.*, No. 8:22-CV-01027, 2022 WL 19076660, at *1 (C.D. Cal. Aug. 16, 2022) (citing *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988)). "There is a liberal policy in favor of granting motions to stay proceedings pending the outcome of re-examination, especially in cases that are still in the initial states of litigation and where there has been little or no discovery." *Limestone v. Micron Tech.*,

No. 15-CV-0278, 2016 WL 3598109, at *2 (C.D. Cal. Jan. 12, 2016).

In deciding whether a stay is appropriate, courts consider "the totality of the circumstances," viewed primarily in light of three factors: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *Medtronic, Inc. v. Axonics Modulation Techs., Inc.*, No. SA CV 19-02115, 2020 WL 5087820, at *1 (C.D. Cal. May 8, 2020) (quoting *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1030-31 (C.D. Cal. 2013)). The date of the filing of the motion to stay is the "proper time to measure the stage of the litigation." *TeleSign Corp. v. Twilio, Inc.*, No. 15-CV-3240, 2016 WL 6821111, at *2 (C.D. Cal. Mar. 9, 2016); *see also VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1316 (Fed. Cir. 2014).

## III.    THE COURT SHOULD ENTER THE REQUESTED STAY.

### A.    A Stay is Appropriate Given the Early Stage of This Litigation

To analyze the "stage of proceedings" factor, courts in this district often consider whether "there is more work ahead of the parties and the Court than behind." *PureCircle USA, Inc. v. Sweegen, Inc.*, No. SACV 18-1679 JVS, 2020 WL 5260492, at *2 (C.D. Cal. Aug. 5, 2020); *Medtronic, Inc.,* 2020 WL 5087820, at *2 (where "the amount of work still to do far outweighs that which has already been completed . . . this factor weighs in favor of a stay."). Although a trial date has recently been set by the Court, relatively little work has been completed so far. No discovery has occurred because of the parties' efforts to conserve resources pending mediation.

Courts in this District have stayed cases pending IPR at similarly early stages. *See id.* (granting a stay where a scheduling order had issued but *Markman* proceedings had not yet occurred). Indeed, stay requests are frequently granted even when substantially more activity has occurred. *See, e.g., Nike, Inc. v. Skechers U.S.A., Inc.*, No. CV 23-09346-AB (PVCx), 2025 WL 439935, at *5 (C.D. Cal. Feb. 4, 2025)

(granting a pre-institution stay where the case had been pending for about a year and a *Markman* hearing had already occurred); *Lian Li Indus. Co., Ltd. v. Thermaltake Tech., Co., Ltd.*, No. 2:23-cv-07470-HDV-MAR, 2024 WL 4800671, at *3 (C.D. Cal. Oct. 4, 2024) (granting a pre-institution stay where claim construction expert reports had already been served); *Lund Motion Prod. v. T-Max Hangzhou Tech. Co.,* No. 8:17-cv-01914-CJC, 2019 WL 116784, at *2–3 (C.D. Cal. Jan. 2, 2019) (granting a pre-institution stay when IPR petitions were filed 11 months after the complaint); *General Elec. v. Vestas Wind Sys. A/S*, Case No. 2:17-cv-05653-AB, Dkt. 85, at *2 (C.D. Cal. June 7, 2018) (granting a pre-institution stay almost a year after the complaint was filed); *XR Commc'ns v. D-Link Sys.,* No. 8:17-cv-00596-DOC, 2018 WL 2734849, at *2–3 (C.D. Cal. Apr. 10, 2018) (same); *SPEX Techs., Inc. v. Kingston Tech. Corp.,* No. 2:16-cv-07349-JVS, 2018 WL 2446801, at *2–3 (C.D. Cal. May 16, 2018) (granting stay pending IPR after a Markman hearing); *Wonderland Nursery Goods Co., Ltd. v. Baby Trend, Inc.*, No. EDCV 14-01153-VAP (SPx),  2015 WL 1809309, at *3 (C.D. Cal. Apr. 20, 2015) (granting pre-institution stay where fact discovery was not yet complete, and the parties had submitted claim construction briefs but the Markman hearing had not yet occurred).

The early stage of this case thus strongly favors a stay. At a minimum, the Court can stay the case until the Patent Office decides whether to institute IPR. *See, e.g., Polymer Tech. Sys. v. Jant Pharmacal*, No. 15-02585, 2015 WL 12860482, at *4 (C.D. Cal. Aug. 20, 2015) ("A brief stay of this action, i.e., until the USPTO determines whether it will institute *inter partes* review proceedings, would be most efficient.").

### B. A Stay Would Likely Simplify the Issues and Reduce the Burden on This Court and the Parties

The IPR will simplify the issues in this case and reduce the burden on the Court and the parties. Alpinestars' IPR petition challenges every patent claim asserted (or potentially asserted) by Dainese in this action. Accordingly, the PTAB proceedings may create the "ultimate simplification of issues" and resolve this entire case.

CASE NO. 2:24-CV-07066-PA-KS
ALPINESTARS' MOTION TO STAY PENDING IPR

*VirtualAgility*, 759 F.3d at 1314. "Many courts have ultimately been persuaded that the potential to save significant judicial resources sways the analysis in favor of stay" even before the PTAB issues an institution decision. *PureCircle USA Inc. v. SweeGen, Inc.*, No. SACV 18–1679 JVS (JDEx), 2019 WL 3220021, at \*2 (C.D. Cal. June 3, 2019). Moreover, "if institution is denied, a stay will be relatively short." *Id.*; *see also XR Commc'ns*, 2018 WL 2734849, at \*3 (granting pre-institution stay because, even if the IPR is not instituted, "the stay will be relatively short and the action can continue with minimal delay"); *Game & Tech Co. Ltd. v. Riot Games, Inc.*, No. CV 16-06486-BRO (SK), 2016 WL 9114147, at \*3 (C.D. Cal. Nov. 4, 2016) (same); *Wonderland Nursery Goods Co.*, 2015 WL 1809309, at \*3 (same). Indeed, "courts in this District have adopted the majority position that even if IPR has not yet been instituted, the simplification factor may still weigh in favor of a stay." *PureCircle*, 2019 WL 3220021, at \*3.

Even eliminating only some of the claims would simplify the action. *See RJ Tech. LLC v. Apple Inc.*, No. 8:22-cv-01874-JVS, 2023 WL 8188475, at \*4 (C.D. Cal. Oct. 4, 2023) ("The outcome of the IPR may significantly narrow the scope and complexity of the litigation and the parties' and Court's resources are likely to be conserved."); *OKYN Holdings*, 2022 WL 2189597, at \*1 ("If even one of the asserted patent claims is canceled or substantively amended, that would narrow the issues or could promote settlement."). "[I]t is well-established that the IPR proceedings need not resolve every single asserted claim" for a stay to be worth it. *Limestone*, 2016 WL 3598109, at \*4 (granting motion to stay even when some asserted claims were not challenged at all).

Indeed, this action would benefit even if no claims are eliminated. Statements made by the patent owner in IPRs (both before and after institution) become part of the prosecution history of the patents. Accordingly, "[e]ven if no patent claim is eliminated, the intrinsic record developed during the IPR" may be highly illuminating. *XR Commc'ns*, 2018 WL 2734849, at \*3; *see also Polaris Innovations Ltd. v. Kingston*

5

*Tech. Co., Inc.*, No. SACV 16-00300-CJC (RAOx), 2017 WL 8220599, at \*2 (C.D. Cal. June 27, 2017) ("[T]he record in this case will still be developed through the IPR proceedings."). These statements can limit the claim scope and ultimately result in summary judgment against an entire patent family. *See Nike, Inc.*, 2020 WL 10486482, at \*5-8 (finding Nike's statements during the IPR created an estoppel, ultimately resulting in a summary judgment finding of non-infringement for Sketchers); *see also Aylus Networks, Inc. v. Apple, Inc.*, 856 F.3d 1353, 1362-64 (Fed. Cir. 2017) (holding that a patent owner's statements in a pre-institution IPR filing constituted "a clear and unmistakable disavowal of claim scope"). Thus, a stay until after the conclusion of the IPRs may simplify issues of infringement even for claims that survive by ensuring that the Court will have the full intrinsic record before it.

Furthermore, even if the PTAB issues a final written decision that declines to invalidate the claims, the proceedings would still simplify this action. Under 35 U.S.C. § 315(e)(2), if an IPR is instituted and the PTAB issues a final written decision, Alpinestars will be estopped from asserting invalidity based on any ground it raised or could have raised during the IPR. Alpinestars has also stipulated, pursuant to a *Sand Revolution* stipulation, that if the PTAB institutes IPR proceedings then Alpinestars will not pursue in parallel district court litigation an invalidity defense based on the grounds raised in the IPR. Ex. 2 (Petitioners' Stipulation). Courts in this district have found that these considerations weigh in favor of a stay. *See, e.g.*, *Masimo Corp. v. Apple Inc.*, No. SACV 20-48 JVS (JDEx), 2020 U.S. Dist. LEXIS 217483, at \*5-8 (C.D. Cal. Oct. 13, 2020) (citing statutory estoppel and a *Sand Revolution* stipulation as factors that support staying proceedings pending IPR).

Simply put, it is highly likely that "[s]ignificant judicial resources will be saved" by staying this case, regardless of the outcome of the IPR proceedings. *Game & Tech.*, 2016 WL 9114147, at \*3; *see also Prime Focus Creative Servs. Canada Inc. v. Legend3D, Inc.*, No. 15-CV-2340, 2015 WL 12746207, at \*4 (C.D. Cal. Sept. 23, 2015) ("The risk of delay attending a potentially unnecessary stay is rather minimal relative

to the risk of unnecessary expenditure of the Court and the parties' resources should the stay be denied and a review subsequently commence."). Accordingly, "[a]lthough courts in this District have acknowledged that it is speculative to argue simplification before the Patent Office makes an institution decision, many courts have ultimately decided that saving scarce judicial resources 'sways the analysis in favor of [a] stay.'" *Olati LLC v. Haas Automation, Inc.,* No. 20-CV-1650, 2020 WL 8512303, at *3 (C.D. Cal. Dec. 23, 2020) (citations omitted). Thus, this factor favors granting a stay.

A stay in this case would promote judicial economy in other ways, too. *See, e.g., MCM Portfolio LLC v. Hewlett-Packard Co.*, 812 F.3d 1284, 1291-92 (Fed. Cir. 2015). For example, if the Court stays this action now, the parties and fact witnesses can be spared from document discovery, contentions discovery, and deposition discovery while the PTAB decides whether the asserted claims are invalid—work that will never need to happen if the PTAB invalidates the claims.

The Court and the parties can also be spared from most upcoming work, including briefing and deciding claim construction issues, validity and invalidity issues, discovery disputes, summary judgment motions, and beyond. *See Polaris PowerLED Techs., LLC v. LG Elecs., Inc*, No. SACV 20-00125-JVS(DFMx), 2020 WL 6064964, at *2 (C.D. Cal., Aug. 26, 2020) ("Essentially, where 'there is more work ahead of the parties and the Court than behind,' this factor[] weighs in favor of granting a stay.") (citation omitted); see also *Murata Mach. USA v. Daifuku*, 830 F.3d 1357, 1362 (Fed. Cir. 2016) (discussing that Congress implemented IPR to enhance the role of the Patent Office and "limit the burden of litigation on courts and parties").

Importantly, because no claim construction activity has yet occurred, a stay in this case would strongly promote judicial economy. *Meissner Filtration Prods., Inc. v. Sani-Tech W., Inc.*, No. LA CV22-01194 JAK (Ex), 2022 WL 17190245, at *4 (C.D. Cal. Oct. 3, 2022) (citing *Wonderland Nursery Goods Co.,* 2015 WL 1809309, at *3 (the stage of proceedings favored a stay because the *Markman* hearing has not yet taken place and no disputed claim terms have been construed by this Court)). The PTAB

proceedings will necessarily create a new intrinsic record in the coming months, which may make statements that impact claim scope or otherwise affect claim construction. *Aylus Network, Inc*, 856 F.3d at 1362. The PTAB will also weigh in on claim construction and invalidity issues with its institution decisions. It would increase efficiency to permit the IPR proceedings to unfold rather than pressing ahead now on an incomplete record with claim construction, which might need to be re-opened based on the IPR record.

### C.      A Stay Would Not Cause Dainese Any Undue Prejudice or Clear Tactical Disadvantage

"Courts have repeatedly found no undue prejudice unless the patentee makes a specific showing of prejudice beyond the delay necessarily inherent in any stay." *Polaris PowerLED Tech.*, 2020 WL 6064964, at *2 (quoting *PersonalWeb Techs. v. Apple Inc.*, 69 F. Supp. 3d 1022, 1029 (N.D. Cal. Sept. 24, 2014); *Realtime Data LLC v. Teradata Operations, Inc.*, No. SACV 16–02743 AG (FFMx), 2017 WL 3453295, at *3 (C.D. Cal. Feb. 27, 2017) ("The mere possibility of delay, inherent in all proceedings, is insufficient to constitute undue prejudice."). The parties met and conferred, but Dainese has not yet identified any specific undue prejudice or tactical disadvantage, and Dainese is pursuing primarily monetary damages in this lawsuit. Indeed, although Dainese and Alpinestars are competitors, Dainese's infringement contentions conceded that neither Dainese nor any licensee makes or sells a product that embodies any claims of the '065 patent, and therefore Dainese has little chance of meeting the *eBay* standard for an injunction. D.I. 42 at 5 ("Dainese does not identify any product subject to requirement no. 7 of the Court's required infringement contention information (Dkt. 39 at 2)…."); *see also* D.I. 39 at 2 (requiring Plaintiff to identify any of its own or its licensees' products that Plaintiff asserts to practice the claimed invention). Because there is no undue prejudice or clear tactical disadvantage from a brief stay, this factor strongly favors a stay.

Finally, at this point, the Court can stay litigation pending the IPR institution

decisions that are due no later than six months after filing notice dates. *Wonderland Nursery Goods*, 2015 WL 1809309, at *3 (noting that "if an IPR is not instituted, the stay will be relatively short and the action can continue with minimal delay"). Dainese will not be unduly prejudiced by waiting five months to see if the PTAB determines that its asserted claims are likely invalid.

## IV.    CONCLUSION

Because all three factors weigh in favor of a stay, and in light of the liberal policy in favor of granting stays pending IPRs in this District, Alpinestars respectfully requests that the Court stay this action pending the outcome of its IPR petition.

Dated: April 29, 2025                          By: */s/ Martin M. Ellison*

Paul R. Steadman (*Pro Hac Vice*)
paul.steadman@dlapiper.com
T: (312) 368-2135 | F: (312) 251-2850
Matthew D. Satchwell (*Pro Hac Vice*)
matthew.satchwell@us.dlapiper.com
T: (312) 368-2111 | F: (312) 236-7519
**DLA PIPER LLP (US)**
444 West Lake Street, Suite 900
Chicago, Illinois 60606-0089

Martin M. Ellison (SBN 292060)
martin.ellison@dlapiper.com
**DLA PIPER LLP (US)**
2000 Avenue of the Stars, Suite 400, N. Tower
Los Angeles, CA 90067-4735
T: (310) 595-3000 | F: (310) 595-3300

Peter D. VandeVort (SBN 359810)
peter.vandevort@us.dlapiper.com
**DLA PIPER LLP (US)**
555 Mission St. Suite 2400
San Francisco, CA 94105
T: (415) 836-2500 | F: (415) 836-2501

*Attorneys for Defendants Alpinestars USA Inc. and Alpinestars S.p.A.*

9