UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-7066 PA (KSx) | Date | May 30, 2025 |
|---|---|---|---|
| Title | Dainese S.p.A. v. Alpinestars USA Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS – COURT ORDER

Before the Court is a Motion to Stay Proceedings Pending Inter Partes Review, filed by defendants Alpinestars USA and Alpinestars S.p.A. (jointly "Defendants" or "Alpinestars"). (Docket No. 43 ("Motion").)  The Motion is fully briefed.  (Docket No. 47 ("Opp'n"); Docket No. 52 ("Reply").)  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument.  The hearing calendared for June 2, 2025, has been vacated, and the matter taken off calendar.

## I.     Background

Plaintiff Dainese S.p.A. ("Plaintiff" or "Dainese") initiated this action on August 20, 2024.  According to the Complaint, Plaintiff is a manufacturer that specializes in protective clothing for a variety of sports and activities.  (See Compl. ¶ 13.)  Plaintiff is the owner of all rights, title, and interest in U.S. Patent No. 12,012.065 (the "'065 Patent"), which relates to an inflatable crash-protection device for motorcycle operators.  (See id. ¶¶ 17–28.)  The '065 Patent includes 22 claims.  (See id., Ex. A.)  Plaintiff alleges that Defendants make and sell protective devices that infringe the '065 Patent.  (See id. ¶¶ 29–41.)  The Complaint asserts one claim under 35 U.S.C. § 271(a) for infringement of the '065 Patent.

Defendants answered the Complaint on February 6, 2025.  (Docket No. 33.)  The Court entered its Civil Trial Scheduling Order on March 12, 2025.  (Docket Nos. 39, 40.)  On March 27, 2025, Defendants filed a petition for inter partes review ("IPR") with the Patent Trial and Appeal Board ("PTAB"), challenging all claims of the '065 Patent (the "IPR Petition").  (Mot. at pg. 9; Docket No. 43-1, Declaration of Martin M. Ellison ("Ellison Decl.") ¶ 3 & Ex. 1.)  Defendants now move to stay this case pending institution and eventual resolution of the IPR Petition by the PTAB.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-7066 PA (KSx) | Date | May 30, 2025 |
|---|---|---|---|
| Title | Dainese S.p.A. v. Alpinestars USA Inc., et al. | | |

## II.     Legal Standard

"A district court has discretionary power to stay proceedings in its own court under Landis v. North American Co., 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936)." Lockyer v. Mirant Corp., 398 F.3d 1098, 1109 (9th Cir. 2005).  A stay is "an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." Nken v. Holder, 556 U.S. 418, 433, 129 S. Ct. 1749, 173 L. Ed. 2d 550 (2009) (internal quotation marks and alterations omitted).  Although the "totality of the circumstances" controls, district courts generally consider the following three factors to determine whether a stay pending IPR proceedings is appropriate: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." Universal Elecs., Inc. v. Universal Remote Control, Inc., 943 F. Supp. 2d 1028, 1030–31 (C.D. Cal. 2013).

## III.    Discussion

### A.     Stage of the Proceedings

The first factor considers whether discovery is complete and whether a trial date has been set.  "'There is a 'liberal policy in favor of granting motions to stay proceedings pending the outcome' of re-examination, especially in cases that are still in the initial stages of litigation and where there has been little or no discovery.'" Universal Elecs., 943 F. Supp. 2d at 1031 (quoting Aten Int'l Co., Ltd v. Emine Tech. Co., No. SA CV 09-0843-AG-MLGx, 2010 WL 1462110, at *6 (C.D. Cal. Apr. 12, 2010)).  The "proper time to measure the stage of litigation" is the date of the filing of the motion to stay. TeleSign Corp. v. Twilio, Inc., No. 15-CV-3240, 2016 WL 6821111, at *2 (C.D. Cal. Mar. 9, 2016) (quoting VirtualAgility Inc. v. Salesforce.com, Inc., 759 F.3d 1307, 1316 (Fed. Cir. 2014)).

Courts applying this factor often ask whether "there is more work ahead of the parties and the Court than behind." Realtime Data LLC v. Teradata Operations, Inc., No. 2:16-cv-02743 AG (FFMx), 2017 WL 3453295, at *2 (C.D. Cal. Feb. 27, 2017).  Here, the Court has set a trial date in January 2026. (See Docket No. 40.)  However, discovery remains in its preliminary stages.  As of the date the Motion was filed, neither party had served discovery requests.  Defendants served their initial disclosures, and Plaintiff served a disclosure of asserted claims and infringement contentions.  However, no significant fact discovery has occurred. (See Mot. at pg. 2; Docket No. 42; see also Ellison Decl. ¶ 5 (explaining that parties agreed to pause significant case discovery pending the outcome of early mediation).)  Moreover, the parties have not briefed the Court on claim construction, and none of the deadlines related to claim construction proceedings have passed. (See Docket No. 39.)  Thus, more work lies ahead of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-7066 PA (KSx) | Date | May 30, 2025 |
|---|---|---|---|
| Title | Dainese S.p.A. v. Alpinestars USA Inc., et al. | | |

parties and the Court than behind.  Further, courts in this district have routinely found this factor to weigh in favor of a stay even where discovery had progressed to later stages than in the instant action.  See, e.g., Locata LBS, LLC v. Yellowpages.com, LLC, No. LA CV13-07664 JAK, 2014 WL 8103949, at *3 (C.D. Cal. July 11, 2014) (finding case was in its early stages where neither party had requested nor taken any depositions and expert discovery had not yet commenced); Pi-Net Int'l, Inc. v. Hertz Corp., No. CV 12-10012-PSG-JEMx, 2013 WL 7158011, at *2 (C.D. Cal. June 5, 2013) (finding factor favored a stay where the parties had exchanged infringement contentions, served discovery requests, and produced a repository of documents); Wonderland Nursery Goods Co. v. Baby Trend, Inc., No. ED CV 14-01154-VAP-(SPx), 2015 WL 1809309, at *3 (C.D. Cal. Apr. 20, 2015) (concluding factor favored stay where fact discovery was not yet complete, expert discovery had not yet begun, and claim construction hearing had not yet taken place).  Accordingly, in light of the pretrial litigation that remains to be performed in this case, the Court concludes that this factor weighs in favor of a stay.[1/]

      B.      Simplification of the Issues

The second factor considers whether a stay will simplify the issues in question and trial of the case.  A stay is justified where "the outcome of the reexamination would be likely to assist the court in determining patent validity and, if the claims were canceled in the reexamination, would eliminate the need to try the infringement issue."  Slip Track Sys. v. Metal Lite, 159 F.3d 1337, 1341 (Fed. Cir. 1998).  "[W]aiting for the outcome of the reexamination could eliminate the need for trial if the claims are cancelled or, if the claims survive, facilitate trial by providing the court with expert opinion of the PTO and clarifying the scope of the claims."  Universal Elecs., 943 F. Supp. 2d at 1032 (quoting Target Therapeutics, Inc. v. SciMed Life Sys., Inc., No. C–94–20775 RPA (EAI), 1995 WL 20470, at *2 (N.D.Cal. Jan. 13, 1995)).  "This is particularly true when a party has requested PTO review of each of the patents-in-suit . . . ."  Id.

Here, because the IPR Petition filed by Defendants encompasses every asserted claim of the '065 Patent, IPR proceedings could dramatically simplify the case and could be potentially dispositive of the entire action.  See Universal Elecs., 943 F. Supp. 2d at 1032; Bell Semiconductor, LLC v. NXP USA, Inc., No. 8:22-CV-02133-HDV-ADS, 2024 WL 3914500, at *2 (C.D. Cal. Feb. 12, 2024) (finding factor weighed in favor of stay where IPR petition challenged every asserted claim of every asserted patent in case); see also Nike, Inc. v. Skechers U.S.A., Inc., No. CV 23-09346-AB (PVCx), 2025 WL 439935, at *3 (C.D. Cal. Feb. 4, 2025)

---

[1/]     Plaintiff notes that it holds a "European equivalent of the '065 patent" and that "the parties have been litigating over this technology for over a decade," in Europe.  (See Opp'n at pgs. 4, 5 n.2.)  However, the parties' prior litigation over a similar patent in different countries does not, by itself, suffice to show that significant work has already been completed on this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-7066 PA (KSx) | Date | May 30, 2025 |
|---|---|---|---|
| Title | Dainese S.p.A. v. Alpinestars USA Inc., et al. | | |

(finding simplification factor weighed in favor of granting stay, noting that "[b]ased on PTAB statistics, at least some invalidity findings are likely"). Even if the PTAB does not invalidate any claims, the intrinsic record developed during IPR may still aid in the resolution of this case. See, e.g., Realtime Data, 2017 WL 3453295, at *2 (finding that a stay provides "a richer prosecution history upon which to base necessary claim construction determinations"); Core Optical Techs., LLC v. Fujitsu Network Commc'ns, Inc., No. SA CV 1-600437-AG-JPRx, 2016 WL 7507760, at *2 (C.D. Cal. Sept. 12, 2016) ("Even if no patent claim is eliminated, the intrinsic record developed during the IPR may inform on issues like claim construction."). Moreover, if the PTAB institutes review and issues a final written decision, Defendants will be estopped, pursuant to 35 U.S.C. § 315(e)(2), from asserting invalidity based on any ground it raised or could have raised during the IPR. Defendants have also stipulated that if the PTAB institutes IPR proceedings, then Defendants will not pursue in this case any invalidity defense based on the grounds raised in the IPR. (Ellison Decl. ¶ 4 & Ex. 2.) Thus, the potential for simplification if the PTAB institutes IPR review, whether through invalidation of claims, development of a record, or narrowing of Defendants' defenses through estoppel or stipulation, weighs in favor of a stay. See Universal Elecs., 943 F. Supp. 2d at 1033; Star Envirotech, Inc. v. Redline Detection, LLC, No. SA CV 12-01861 JGB, 2013 WL 1716068, at *2 (C.D. Cal. Apr. 3, 2013) ("As Defendants would be barred from seeking this Court's review on any grounds it could have raised in the IPR, the Court finds that staying the case pending review would significantly simplify the issues.").

Plaintiff argues that any potential simplification from IPR proceedings is speculative because the PTAB has not yet determined whether to grant review. (See Opp'n at pgs. 4–5.) The Court recognizes the "speculative nature of simplification where, as here, the PTAB has not yet made an institution decision" on the IPR Petition. Purecircle USA, Inc. v. SweeGen, Inc., SA CV 18-1679 JVS (JDEx), 2019 WL 3220021, at *2 (C.D. Cal. June 3, 2019). Nevertheless, "courts in this District have adopted the majority position that even if IPR has not yet been instituted, the simplification factor may still weigh in favor of a stay." RJ Tech. LLC v. Apple Inc., No. 8:22-cv-01874-JVS-JDE, 2023 WL 8188475, at *3 (C.D. Cal. Oct. 4, 2023) (collecting cases); see also Star Envirotech, 2013 WL 1716068, at *2 (noting that amended standards for granting IPR review "results in an even higher likelihood than under the prior standard that the issues in this action will be simplified by the reexamination"). The Court agrees with the majority position in this case. Moreover, in the event that the PTAB declines to institute IPR proceedings, the stay will be relatively short. See Game & Tech. Co. v. Riot Games, Inc., No. 16-cv-06486-BRO-SK, 2016 WL 9114147, at *3 (C.D. Cal. Nov. 4, 2016) ("[I]f an IPR is not instituted, the stay will be relatively short and the action can continue with minimal delay."); see also Wonderland Nurserygoods, 2015 WL 1809309, at *3 ("[T]he risk of delay attending an unnecessary stay is minimal relative to the risk of unnecessary expenditure of resources should

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-7066 PA (KSx) | Date | May 30, 2025 |
|---|---|---|---|
| Title | Dainese S.p.A. v. Alpinestars USA Inc., et al. | | |

the stay be denied and an IPR subsequently commence.").  Accordingly, the Court concludes that the simplification factor favors a stay.

        C.      <u>Undue Prejudice or Tactical Disadvantage</u>

      The third factor asks whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party.  Under this factor, courts consider "(1) the timing of the petition for review; (2) the timing of the request for the stay; (3) the status of the review proceedings; and (4) the relationship of the parties."  <u>Nike</u>, 2025 WL 439935, at *4 (quoting <u>Telesign Corp.</u>, 2016 WL 6821111, at *4).  "Because delay inherent in the reexamination process does not constitute undue prejudice, courts also consider evidence of dilatory motives or tactics, such as when a party unduly delays in seeking reexamination of a patent."  <u>Kaneka Corp. v. SKC Kolon PI, Inc.</u>, No. CV 11-3397 JGB (RZx), 2014 WL 12673678, at *4 (C.D. Cal. Dec. 5, 2014).  "Courts have repeatedly found no undue prejudice unless the patentee makes a specific showing of prejudice beyond the delay necessarily inherent in any stay."  <u>Nike</u>, 2025 WL 439935, at *4 (quoting <u>PersonalWeb Techs., LLC v. Apple Inc.</u>, 69 F. Supp. 3d 1022, 1029 (N.D. Cal. 2014)).

      As to the first and second subfactors, Defendants were served on October 11, 2024, filed their Answer on February 6, 2025, and then filed the IPR Petition on March 27, 2025.  (<u>See</u> Docket Nos. 23, 33; Mot. at pg. 2.)  Contrary to Plaintiff's assertion, Defendants did not wait "until late in the one-year period to file its IPR Petition," (Opp'n at pg. 8), but rather petitioned for IPR within the first half of the one-year statutory period in which to do so.  <u>See</u> 35 U.S.C. § 315(b) (providing that petition for IPR must be filed within one year after date on which petitioner is served with complaint alleging infringement).  Although Plaintiff claims that Defendants' Motion is meant to obtain a tactical advantage, there is no basis to conclude that Defendants have unduly delayed seeking reexamination of the '065 Patent or seeking a stay of this case.  <u>See</u> <u>DivX, LLC v. Hulu, LLC</u>, No. CV 19-1606-PSG-DFMx, 2021 WL 6499935, at *6 (C.D. Cal. Oct. 6, 2021) (finding first two subfactors weighed in favor of stay where movant had not unduly delayed in seeking IPR review, rejecting plaintiff's argument that motion was based on dilatory motives or tactics).  Thus, these two subfactors weigh in favor of a stay.

      As to the third subfactor, the PTAB has not yet decided whether to institute IPR proceedings, and it has until October 20, 2025, to make its decision.  (<u>See</u> Opp'n at pg. 1 (citing 35 U.S.C. § 314(b); 37 C.F.R. § 1.7).)  However, Plaintiff does not identify any undue prejudice in connection with the status of the review proceedings, and as noted, delays inherent to the IPR

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-7066 PA (KSx) | Date | May 30, 2025 |
|---|---|---|---|
| Title | Dainese S.p.A. v. Alpinestars USA Inc., et al. | | |

process do not constitute undue prejudice. See Kaneka, 2014 WL 1267378, at *4. Thus, the Court concludes that this factor is neutral. See TeleSign Corp., 2016 WL 6821111, at *4 (C.D. Cal. Mar. 9, 2016) (finding third subfactor did not weigh against stay where plaintiff made no specific showing of prejudice beyond prejudice inherent in a stay).

Finally, as to the fourth subfactor, the parties agree that they are competitors, and Plaintiff asserts that they are direct competitors in the motorcycle safety gear market. (See Opp'n at pgs. 6–8; Reply at pg. 3.) Plaintiff argues that a stay will unduly prejudice it because as Defendants' direct competitor, Plaintiff "suffers harm each day Alpinestars can market allegedly infringing features instead of facing injunctive relief." (See Opp'n at pgs. 1, 7–8.) Defendants argue that because neither Plaintiff nor any licensee makes or sells a product that practices the '065 Patent, Plaintiff has little chance of obtaining injunctive relief and cannot present a case for lost profits. (See Mot. at pg 8; Reply at pg. 3.) Plaintiff argues that Defendants' alleged infringement of Plaintiff's patented technology may nevertheless still "draw customers away from Dainese's products" in the motorcycle gear market, and that allowing Defendants to exploit Plaintiff's patented technology undermines the value of its innovation and its competitive position. (Opp'n at pg. 7.)

While courts in this district are often reluctant to stay proceedings when the parties are direct competitors, see, e.g., Kirsch Rsch. & Dev., LLC v. Epilay, Inc., No. 22-CV-3773-RGK-JPR, 2021 WL 4732578, at *3 (C.D. Cal. May 7, 2021), "[c]ourts are divided on whether infringement among competitors necessarily constitutes undue prejudice to the non-moving party," Wonderland Nursery Goods, 2015 WL 1809309 at *4; see also Nike, Inc., 2025 WL 439935, at *4 (explaining that in some instances, courts have declined to find prejudice even where the parties are direct competitors). Here, the Court concludes that this subfactor weighs against a stay given the parties' relationship as competitors.

However, the Court also finds that "the overall state of affairs does not raise the specter of undue prejudice or clear disadvantage" to Plaintiff. LELO, Inc. v. Standard Innovation (US) Corp., No. 13-CV-01393-JD, 2014 WL 2879851, at *5 (N.D. Cal. June 24, 2014). In particular, as Defendant points out, Plaintiff does not make or sell a product that practices the '065 Patent. Plaintiff also has not sought injunctive relief, and while Plaintiff seeks monetary damages pursuant to 35 U.S.C. § 284, Plaintiff has not set forth a basis to recover lost profits. (See Compl.; see also LELO, Inc., 2014 WL 2879851, at *5 ("LELO does not practice the '178 patent, and therefore, by definition, there can be no lost profits." (citation and internal quotation marks omitted).) Thus, while a stay may cause Plaintiff to suffer some competitive harm, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-7066 PA (KSx) | Date | May 30, 2025 |
|---|---|---|---|
| Title | Dainese S.p.A. v. Alpinestars USA Inc., et al. | | |

circumstances of this case mitigate the harm Plaintiff claims it would suffer.  See Nike, 2025 WL 439935, at *4 (concluding that although parties were direct competitors, plaintiff's failure to seek preliminary injunction or lost profits undercut claims of undue prejudice); see also Universal Elecs., 2019 WL 6974173, at *3 (acknowledging some risk of harm to plaintiff where parties both sold universal remote controls but noting that evidence of other competitors in marketplace undermined claims of undue harm).  Thus, based on a consideration of all four subfactors, the Court determines that the unfair prejudice factor, on balance, weighs slightly in favor of a stay of this matter.

In sum, after balancing the relevant factors and considering the totality of the circumstances in this case, the Court concludes that a stay pending resolution of the IPR Petition is appropriate.

**Conclusion**

For all of the foregoing reasons, Defendants' Motion to Stay is granted.  This action is stayed pending the outcome of Defendants' IPR Petition.  The Court orders this action administratively closed and removed from the Court's active caseload until further application by the parties or order of this Court.

The parties shall file a joint status report within seven (7) days of the PTAB's decision whether to institute IPR proceedings for the pending IPR Petition.  Failure to file the required Joint Status Report may result in the imposition of sanctions, including not limited to dismissal of this case without prejudice.

IT IS SO ORDERED.